JANE SCUDDER's executors *vs.* ISAAC VANARSDALE and others.

Testatrix was possessed of personal and real estate, and by her will directed the latter should be sold by her executors, and after giving numerous pecuniary legacies, principally among her relatives and the relatives of her deceased husband, she added, "and if there is anything over and above left, let it be equally divided among all the heirs."

*Held*, that the word heirs, in the above connection, means "next of kin."

Where money or personal property is bequeathed to the heirs of A. or to the heirs of the testator, if there be nothing in the will showing that the testator used the word in a different sense, the next of kin are entitled to claim under the description as the persons appointed by law to succeed to personal property.

It is also a well settled rule in equity that where lands are directed to be converted into money, and the proceeds given as a legacy, it will be treated as a legacy of personal estate.

Where the property under a bequest passes to the persons entitled under the statute of distributions to receive it, in the absence of any express directions in the will it will go in the proportions prescribed by the statute. In such case, where they are not all in equal degree the children of a deceased parent will take by right of representation *per sterpes*, and not *per capita*.

But in this case the direction being that the fund shall be divided equally among all the heirs, the direction must prevail, and the legatees take *per capita*.

This case was disposed of on final hearing.

*James Wilson*, for complainants.

*T. H. Dudley* and *John F. Hageman*, for defendants.

THE CHANCELLOR. This bill is filed in order that the accounts of the executors may be duly settled, and to that

end that the will may be construed, and its true meaning established under the authority of the court.

. The question submitted for the consideration of the court is the true construction of the residuary clause of the will of Jane Scudder.

The testatrix died in 1855, seized and possessed of personal and real estate. By her will she directs that her real estate should be sold by her executors as soon as they conveniently can, and the accounts settled. She distributes (principally among her relatives and the relatives of her deceased husband) numerous pecuniary legacies, amounting to $16,950. She also bequeaths a few specific legacies. After giving these legacies, the testatrix adds, "*and if there is anything over and above, let it be equally divided among all the heirs.*"

A great variety of constructions is sought by parties in interest to be put upon this clause. It is claimed that the testatrix intended that the residue should be divided, as the clause literally imports, among her heirs at law, among her next of kin, among her own and her husband's next of kin, among all the *legatees* named in the will. Among these and other conjectures that may plausibly be made as to the meaning of the testatrix, the further conjecture may be hazarded, that neither the testatrix herself nor the inexpert scrivener who drew the will had any very clear apprehension of her own meaning.

Fortunately for the cause of justice and the .rights of the legatees, the construction of the will is not to be left to conjecture, but must be settled by well defined principles and according to acknowledged rules of interpretation.

Where money or personal property is bequeathed to the heirs of A. or to the heirs of the testatrix, if there be nothing in the will showing that the testator used the word in a different sense, the next of kin are entitled to. claim under the description as the persons appointed by law to succeed to the personal property. *Holloway* v.

*Holloway*, 5 *Vesey* 399; *Vaux* v. *Henderson*, 1 *Jac.-& Walk.* 388, *note* ; *Evans* v. *Salt*, 6 *Beav.* 266 ; *Price* v. *Lockley*, 6 *Beav.* 180; 2 *Wms.* on *Executors* 996 ; *Lowndes* v. *Stone*, 4 *Vesey* 649; *Wright* v. *Trustees of Meth. E. Church*, 1 *Hoffman's Ch. R.* 212; *Ferguson* v. *Stewart's executors*, 14 *Ohio* 141; *Corbit* v. *Corbit*, 1 *Jones' Eq. Rep.* 114; *Henderson* v. *Henderson*, 1 *Jones' (same)* 221; *Evans* v. *Gadbold*, 6 *Rich. Eq. R.* 26.

In *Gittings* v. *McDermott*, 2 *Mylne & Keen* 69, it was urged that the word "heirs" is of ambiguous import when applied to a legacy. But the master of the rolls said, in reply, there is really nothing in this objection; "for the sense in which this word shall be taken when applied to personalty is fixed by many decisions."

In *Mounsey* v. *Blamire*, 4 *Russell* 384, the master of the rolls held that when a legacy is given by a testator to his heir, unless controlled by the context of the will, the heir at law will take the legacy, and not the next of kin. He distinguished between the meaning of the word as used to denote succession and where it is used not to denote, succession but to describe a legatee. He said, where the word "heir" is used to denote succession, there it may well be understood to mean such person or persons as would legally succeed to the property according to its nature and quality, as in *Vaux* v. *Henderson* and in the familiar case of a gift to a man and his heirs. But when the word is used not to denote succession, but to describe a legatee, and there is no context to explain it otherwise, then it seems to me to be a substitution of conjecture in the place of clear expression, if I am to depart from the natural and ordinary sense of the word "heir." In *Vaux* v. *Henderson* the bequest was to Edward Vaux, "and failing him by decease before me, to *his heirs*." In such case the phrase "to his heirs" is used to describe the legatee, and no more denotes succession than if the legacy had been to the *heirs* of B. or to the heirs of the testator himself. It will be difficult to distinguish in construction,

between a legacy "to A., and on his death to his heirs," and a legacy to "the heirs of A.," or between a legacy "to the heirs of A." and a legacy "to my heirs," or to assign a satisfactory reason why in one case the legacy should go to the next of kin, and in the other to the heirs at law.

The more rational rule of interpretation, and the one more likely to attain the end of all construction, *viz.* to effect the intent of the testator, is that the term "heir" is to be construed in reference to the species of property which is the subject of disposition, and that when used with reference to personal property it means *next of kin.*

It may be added in this case, aside from the general rule of interpretation, that the heirs at law of the testatrix were two brothers, who, among many other relations, were named in the will; and if her intention had been to give the residue to them, she would naturally have done it in express terms, and not have directed it to be *divided among all the heirs at law.*

It appears by the bill that the inventory of the personal estate of the testatrix amounted to $13,846.48, and that the sales of the real estate amounted to $11,006, making the total estate $24,852.48. The pecuniary legacies amount to $16,950 besides certain specific legacies. These legacies, aside from the debts and commissions, more than exhaust all the personalty, so that the residue consists in fact of the proceeds of the sale of the real estate; and hence it is argued that the term heirs should receive its strict technical interpretation, and should be construed to mean the heir at law and not the next of kin.

The whole estate is treated and disposed of as personalty. The executors are ordered to sell the real estate, and convert it into money. The testatrix manifestly regarded it as such, and treated the whole estate as one entire fund.

It is a well settled rule in equity, that when lands are directed to be converted into money, and the proceeds

given as a legacy, it will be treated as a legacy of personal estate. *Yates* v. *Compton,* 2 *P. Wms.* 308; *Fletcher* v. *Ashburner,* 1 *Bro. Ch. Cas.* 497; *Craig* v. *Leslie,* 3 *Wheat.* 563; *Ferguson et ux.* v. *Stuart's ex'rs,* 14 *Ohio R.* 14.

It is more material, however, for the purpose of effectuating the intention of the testatrix to observe that she did not distinguish between the real and personal estate, but treated it all as one fund, and bequeathed it as personalty.

When the property under a bequest passes to the persons entitled under the statute of distributions to receive it, in the absence of any express direction in the will, it will go in the proportions prescribed by the statute. In such case where they are not all in equal degree the children of those deceased will take, by right of representation, *per stirpes* and not *per capita. Roach* v. *Hammond, Prec. in Chan.* 401.

But the will in this case expressly directs that the fund shall be divided *equally* among all the heirs. In such case the direction must prevail, and the legatees take *per capita. Thomas* v. *Hole, Cas. Temp., Talbot* 251; *Butler* v. *Stratton,* 3 *Bro. C. C.* 367; *Blackler* v. *Webb,* 2 *P. Wms.* 383.

Among other constructions sought to be given to the residuary clause, it is claimed that the testatrix, by the term " heirs " meant " legatees," and that the design was to distribute the residue as well among her husband's relatives as her own. This construction may be adopted where such intention is manifest. *Collier* v. *Collier's ex'rs,* 3 *Ohio State R.* 369.

But no such intention is manifest on the face of this will, nor is there anything from which such intention can be legitimately inferred. A conclusive objection moreover to this construction is, that there are included among the legatees servants and others, who are of no kin either to the testatrix or her husband.

The offer to prove by parol what was the intention of the testatrix is clearly inadmissible.

Decree accordingly.