GARTHWAITE'S EXECUTOR *vs.* LEWIS and others.

25 351
62 580

1. Where testator gives the net income of a share of the residue of his estate to a son, absolutely, but not the principal, disposing of the latter, in case the son die without having received it, leaving issue, and making the payment of the principal to the son entirely discretionary with the executor, such share does not vest in the son so as to be transmissible in case of the decease of the son without having received it.

2. Such share, in case of the son's death without issue, does not fall into the residue, but is undisposed of. Though the rule is that a general residuary bequest carries lapsed and void legacies, it is one of the exceptions that it does not include any part of the residue itself, which fails.

Bill for relief.

*Mr. W. S. Whitehead*, for complainant.

THE CHANCELLOR.

William Garthwaite, late of Newark, deceased, by his will and the codicil thereto, gave to his executors and the survivors and survivor of them, certain shares of the residue of his estate, in trust, to hold the same, as to four of them, for four of his sons therein named, one share to each, during their several and respective lives, and after deducting costs, charges, taxes, repairs, commissions, expenses, and insurance, to pay over to those sons, quarterly, in equal shares, the net income thereof. And he thereby authorized his executors and the survivors and survivor of them, at any time he or they should deem it wise, prudent, and expedient to do so, to pay over to "either of" his said four sons "the equal principal share of said trust fund to which he may be entitled." The testator further ordered that in case any of his said four sons "should die leaving issue, without receiving their equal principal share of said trust fund," his executors or the survivors or survivor of them should pay over such principal

share to such issue, or to his, her, or their legally appointed guardian or guardians, in equal shares. But should any of his said four sons die without leaving issue, and without receiving his "equal principal share" of the residue, but leaving a widow, he authorized his executors and the survivors and survivor of them, at their or his discretion, to pay over to such widow the interest of such principal share, during her widowhood, but no longer. He made no further disposition of those shares.

The question is submitted, whether these shares are vested in the sons so as to be transmissible in case of the decease of the sons without having received them. The testator gives the net income of the shares to the sons, absolutely, but not the principal. He disposes of the latter in case the sons die without having received it, leaving issue. The fact that he makes the payment of the principal to the sons entirely discretionary with the executors, forbids a construction which would hold the shares to be vested in the sons. *Lewis* v. *Lewis*, 1 *Cox* 162; *Robinson* v. *Cleator*, 15 *Ves.* 526; *Gompertz* v. *Gompertz*, 2 *Phil.* 107; *Scawin* v. *Watson*, 11 *Jur.* 293; *S. C.* affirmed, *Id.* 576. The gift of the principal is not an absolute gift modified by subsequent restrictions, so that the absolute gift would have its full effect so far as the restrictions were not applicable; but it is a restricted and limited gift—a gift to the sons of the net income for life, and of the principal, provided, and only provided, the executors or the survivors or survivor of them deem it "wise, prudent, and expedient" to pay it to them. The fact that the testator directed, that in case any of the sons should die without leaving issue, and leaving a widow, the net income of his share should, at the discretion of the executors or the survivors or survivor of them, be paid to her during her widowhood, is evidence that he did not intend to give the principal of the shares absolutely to the sons, and consequently, that the principal, if not paid to them, should not vest in them.

The further question is raised in this case, whether, if these shares be not vested in the sons, the principal, in case

of the death of any of them without issue, falls into the residue of the estate. These shares are shares of the residue itself, and though the rule is that a general residuary bequest carries lapsed and void legacies, it is one of the exceptions that it does not include any part of the residue itself, which fails. *Hawkins on Wills*, 40, 42; *Bagwell* v. *Dry*, 1 *P. W.* 700; *Page* v. *Page*, 2 *P. W.* 489; *Skrymsher* v. *Northcote*, 1 *Swanst.* 570; *Humble* v. *Shore*, 7 *Hare* 247. The principal of these shares is still undisposed of in case of the death of any of the sons without issue.