GEORGE WARD et al., executors &c., of James P. Crane, deceased,

v.

REUBEN N. DODD et al.

1. Where a specific share of the residue of an estate is given to a legatee, and it lapses by such legatee's death in the testator's lifetime, such share does not sink into the residue, but as to it the testator died intestate.

2. A gift to a nephew "as his full portion" of testator's "estate"—*Held*, not to deprive him of his interest as heir-at-law or next of kin of the testator in property of which the testator died intestate.

3. A gift "to the heirs of E. W., deceased," will include the children of E. W.'s son, who died after the will was executed, but before the testator.

Bill for construction of will.   On final hearing upon bill and answer.

*Messrs. Whitehead & Condit,* for complainants.

*Mr. H. M. Barrett,* for answering defendant.

The Chancellor.

James P. Crane, deceased, late of Essex county, by his will, dated October 1st, 1878, after directing that his debts and funeral expenses be paid, devised a lot of land in Montclair township, in that county, to a church, and then gave to his nephew Moses J. Williams, "as his full portion of" his "estate," a house and lot in Orange, for life, with remainder in fee to the devisee's children, subject to the use of part of the premises by the testator's niece Harriet Freeman.   He then directed that the balance of his property should be divided equally among his sisters Sarah B. Crane, Abby Williams, Eveline Dodd, and the heirs of his deceased sisters Mary Freeman, Elizabeth Ward and Harriet Williams, respectively, making six equal portions; that is to say, one-sixth portion to Sarah B. Crane, another to Abby Williams, another to Eveline Dodd, another to the heirs of Mary Freeman, deceased, another to the heirs of Elizabeth Ward, deceased, and another to the heirs of Harriet Williams, deceased, such division to be made at such time and in such manner as his executors should deem fit and proper for the best interest (as it might appear in the judgment of his executors) of his said "heirs," with full power thereby granted to the executors to sell and convey, or otherwise dispose of the property, and he directed that the disposition made by the executors should be accepted by his "heirs" as final, and without demur on their part.   On February 20th, 1884, the testator made a codicil to the will, but the provisions of it are not material to the decision of the matters submitted.   He died February 8th, 1886.   Sarah B. Crane died unmarried in 1880, and Eveline Dodd died in 1882, leaving three children.   The heirs of Mary Freeman are her two children.   The heirs of Elizabeth Ward are her four

children and the children of her son Joseph Ward, who died in 1880. The heirs of Harriet Williams are her children, one of whom is the before-mentioned Moses J. Williams.

The questions presented are whether the shares of Sarah Crane and Eveline Dodd, both of whom died before the death of the testator, lapsed, and if they did lapse, whether the testator died intestate as to them, or whether they fell into the residue ; if they lapsed, and did not sink into the residue, whether Moses J. Williams is entitled to a portion thereof, and whether the children of Joseph Ward represent their parent, and take what would have been his interest in the lapsed shares, had he survived the testator.

The will gives to Sarah Crane and Eveline Dodd specific shares of the residue, to each one-sixth. By the death of those persons in the lifetime of the testator, their shares lapsed. Those shares, being parts of the residue, did not sink into the residue. A general residuary bequest does not include any part of the residue itself, which fails. *Hawk. Wills 42 ; Carthwaite* v. *Lewis, 10 C. E. Gr. 351.* The testator consequently died intestate as to those shares.

The will declares that the life estate in the house and lot in Orange is given to Moses J. Williams as his full portion of the testator's estate. That gift will not exclude the devisee from the participation which the law of descents or the statute of distributions gives him in the two shares of the residue of which the testator died intestate. A legatee or devisee will not be deprived, by force of any provision of the will, of the right to which he would be entitled under those statutes, or either of them, in property of which the testator died intestate, unless it appears clearly that such was the testator's intention. *2 Redf. Wills 753 ; Hand* v. *Marcy, 1 Stew. Eq. 59 ; Skellenger* v. *Skellenger, 5 Stew. Eq. 659 ; Nickerson* v. *Bowly, 8 Metc. 124 ; Davers* v. *Dewes, 3 P. Wms. 40.* A testator may provide that his legatee or devisee, in consideration of the legacy or devise, shall not enjoy such legal right. Such a provision might perhaps be regarded as equivalent to a gift of the property from which the legatee or devisee is so excluded to the testator's other heirs or

next of kin. If it were not so regarded, the legatee or devisee would be put to his election. In this case the testator did not contemplate dying intestate of any of his property. He disposed of all of it. In making such disposition he declared that the gift to Moses J. Williams was his full portion. But so, too, he undoubtedly thought (although he did not say so) that the gifts to those to whom he gave the residue were their full portions of his estate; and yet those gifts will not bar those whose shares have not lapsed from their legal rights, as heirs and next of kin, in the lapsed shares. Moses J. Williams is entitled to his legal rights in the lapsed shares.

Joseph Ward, son of Elizabeth Ward, deceased, to whose heirs a share of the residue is given by the will, died in the lifetime of the testator, leaving children. The persons who are to take under the gift to "the heirs of Elizabeth Ward, deceased," are, as to real estate, those who were her heirs at the death of the testator, and as to personal estate, those who, at that time, were her next of kin. *Scudder v. Vanarsdale, 2 Beas. 109.* Joseph Ward's children are within both descriptions. They are persons who, at the death of the testator, would by law inherit a share of the real estate of Elizabeth Ward, and would be entitled to a share of her personal estate.