The bill in this case is filed by the executor, pursuant to the statute, to obtain a construction of a portion of the last will and testament of Caroline Snedeker, deceased.
At the time of her death she left, surviving her, numerous relatives. She had no children. There were three sisters, viz., Roxanna Applegate, Maria L. Stults and Laura B. Stults. There was also a niece, Jennie Patton, a daughter of Adelaide Stults, a deceased sister of the testatrix; and Jennie Patton had four children. The sister, Laura B. Stults, had one child, Lillian Anderson; and Lillian Anderson had five children. In the will bequests were made specifically to each one of these relatives of the testatrix except the two sisters, Roxanna Applegate and Maria L. Stults. Those two sisters are not named in the will. In addition to the legacies to the relatives specified, bequests were also made to Kate Bohen, a household servant of the testatrix, but not a relative; to the Universalist Church at Hightstown, and to Edna Applegate, a relative of her husband, but not of the testatrix.
The testatrix then provides in the eleventh clause of the will, as follows: "The residue of my estate to be divided equally between the heirs specified herein."
The contest arises upon the construction to be given this clause. It is contended by one group of the beneficiaries under the will that the residue of the estate, under this clause, is to be divided between the strict heirs-at-law of the testatrix who are specified in the will, and it is stipulated that the next of kin of the testatrix are the same persons as the heirs-at-law, viz., the sister, Laura B. Stults, and the niece, Jennie Patton.
On the other hand, it is contended that the group that is to take the residue of the estate, under the provisions of the *Page 46 
eleventh clause of the will, should include, in addition to the strict heirs-at-law or next of kin, all the relatives of the testatrix who are specified in the will.
There is a third possible contention, and that is, that the residuary legatees are all the beneficiaries named in the will, including the non-relatives of the testatrix and the church at Hightstown.
The problem thus presented is a perplexing one, upon which the authorities are not in entire accord. Leavitt v. Dunn,56 N.J. Law 309.
It is a fundamental rule of construction that, if a testator uses technical terms in a will, their technical meaning will be given effect, unless there is a clear indication of a contrary intention by the testator. The intention of the testator is the cardinal guide, and that is what should be given effect here, in so far as the intention of the testatrix can be determined from the language of the will, and in the light of the authorities which govern the construction to be given the phraseology here employed.
In this state, following the English rule, our courts have established the rule that, in the absence of clear language indicating a different intention, a gift to "heirs" is held to be to such persons as would take as heirs-at-law of the real property, and those who would take as next of kin of personalty. In other words, the persons to take as "heirs" would be determined by the nature of the property passing by the will, realty going to the strict heirs-at-law, and personalty going to the next of kin. Scudder v. Vanarsdale, 13 N.J. Eq. 109;Welsh v. Crater, 32 N.J. Eq. 177; affirmed, 33 N.J. Eq. 362;Hayes v. King, 37 N.J. Eq. 2; citing Wingfield v.Wingfield, L.R. (9 Ch. Div.) 658, and Stev. Tr., L.R.
(15 Eq.) 110; Ward v. Dodd, 41 N.J. Eq. 414; Leavitt v.Dunn, 56 N.J. Law 309, supra; Cross v. Cross, 17 N.J. Eq. 288.
The testatrix left an estate of about $13,000, consisting of both real and personal property. The real estate has been sold and converted into cash, and the proceeds of the real estate, together with the personal property now in the hands *Page 47 
of the executor to be distributed, amount to, approximately, $5,000. The will does not distinguish between the real and personal estate, but disposes of it without distinction. But that can make no practical difference in this case, because identically the same persons would take as heirs-at-law or as next of kin; and the real test, therefore, is not between different groups who might take as heirs-at-law or next of kin, but between the group that either as heirs-at-law or next of kin would take the residue, and the other relatives outside of those groups, and the other beneficiaries under the will, who claim to come within the phrase in the eleventh clause, "the heirs specified herein."
It seems to me that if this were a case of first impression, and if I were unhampered by authority, I should be inclined to hold that the real intention of the testatrix here was to distribute her residue among all the legatees or beneficiaries named in her will. She is not shown to have possessed a technical legal knowledge of the terms employed in her will, and the scrivener who drafted the will was a layman. If she had intended that only her strict heirs were to take the residue, it would have been a simple matter for her to have stated that the residue should be divided between her sister, Laura B. Stults, and her niece, Jennie Patton. But when it came to naming the numerous beneficiaries mentioned in the will, it would be perfectly natural for the lay mind to avoid that particularity of detail, and refer to all those who had been mentioned as the recipients of her bounty, as her "heirs specified therein," and this regardless of whether or not they were her relatives. And this construction might be adopted where such intention was manifest is asserted by Chancellor Green in Scudder v. Vanarsdale,13 N.J. Eq. 109 (at p. 113), supra.
However, in that case, Chancellor Green pointed out that where there were included among the legatees persons who were of no kin to the testatrix, that was a conclusive objection to such a construction. He says that:
"Among other constructions sought to be given to the residuary clause, it is claimed that the testatrix, by the term *Page 48 
`heirs,' meant `legatees,' and that the design was to distribute the residue as well among her husband's relatives as her own. This construction may be adopted where such intention is manifest. Collier v. Collier's Exrs., 3 Ohio St. R. 369.
"But no such intention is manifest on the face of this will, nor is there anything from which such intention can be legitimately inferred. A conclusive objection, moreover, to this construction is, that there are included among the legatees' servants and others, who are of no kin either to the testatrix or her husband."
Although there are authorities which sustain the view that the term "heirs" should be construed to mean "legatees" under the provision similar to that involved in this case (see Roddy v.Fitzgerald, 6 H.L. Cas. 823; Greenwood v. Murray, 28 Minn. 120; Graham v. De Yampert, 106 Ala. 279; Clark v. Scott,67 Pa. 446; Harvey's Est., 30 N.Y. Supp. 1; Townsend v. Townsend,25 Ohio St. 477; Roland v. Miller, 100 Pa. 47), still I feel that I am bound by the view expressed by this court in Scudder
v. Vanarsdale, supra; and inasmuch as it was there ruled that the fact that among the legatees were persons who were of no kin to the testatrix, conclusively negatived the proposition that the term "heirs" was equivalent to "legatees," I feel obliged to so rule in the present case. I think there can be no middle ground. Either all the legatees must be permitted to participate under the phraseology of the eleventh clause of the will, or the participants under that clause must be limited to the next of kin specifically mentioned in the will, viz., Laura B. Stults and Jennie Patton.
I, therefore, feel constrained to advise a decree directing that the residue of the estate shall be divided equally between Laura B. Stults and Jennie Patton, the next of kin of the testatrix specified in the will. *Page 49