This is an appeal from the decision of the Essex county orphans court construing the will of Alice M. Allwood, deceased. Decedent's will was probated in the Essex county orphans court on September 21st, 1928. By it, after providing for the payment of debts and funeral expenses, testatrix made bequests of various sums of money to nine individuals and to four charities. Of the nine individuals four were relatives, three of whom would have been entitled to the entire estate in the event of intestacy. The remaining five legatees were not related to the decedent. As the relation of these legatees to the testatrix may have some bearing upon the *Page 173 
construction to be place upon the will, these nine bequests are tabulated as follows:
 Name Relationship Legacy
Alice Staley First cousin Watch and $3,000.
Clara Phillips First cousin Wearing apparel and $3,000.
Winston Coulter Son of deceased
 First cousin $1,000.
Charles L. Phillips Son of Clara Phillips Watch and $5,000.
Minnie D. Piper Friend $2,000.
Jennie B. Emerich Friend $1,000.
Marie S. Bange Friend (predeceased
 testatrix) Diamond ring and $100
Maude McBride Friend $100.
Wm. E. Rounds Friend (died after
 testatrix) $50.

The portion of the will requiring particular construction is the eleventh paragraph, which reads as follows:
"11 Eleventh) I give and bequeath to my affianced Joel Audubon Webb of Providence, Rode Island, sum of Twenty thousand dollars, same to be put in Trust, at 5% int. same int. to be paid him and at his death the same amount to revert to my heirs herein-mentioned in equal parts, not charitys encluded."
Joel Audubon Webb died February 20th, 1934, and the question to be now determined is — among whom should the corpus of the trust set up in the eleventh paragraph of the will be distributed? Judge Van Riper, relying upon Scudder's Executors
v. Van Arsdale, 13 N.J. Eq. 109, and Edwards v. Stults,97 N.J. Eq. 44, held that it should go to Alice Staley, Clara Phillips and Winston Coulter, the next of kin who would be entitled to take under the statute of distribution in case of intestacy. From this decision the executor of William E. Rounds, deceased, has appealed. I am of the opinion that the judgment of the Essex county orphans court should be affirmed.
Counsel for the appellant claims that the authorities relied upon and above cited have no application to this controversy and contends that the words "not charitys encluded," as contained in the eleventh paragraph of the will, indicate a *Page 174 
clear intent on the part of the testatrix to designate all her legatees, except charities, as the distributees of the corpus
of the trust fund involved. In the construction of a will the intention of the testatrix, of course, must control, but the court is not privileged to guess at that intent. It must be found in the will itself and if from the language used two or more constructions are permissible, but none imperative, because of uncertainty as to the sense in which technical terms are used, the only safe rule is to interpret those technical words according to well recognized canons of construction. If the question here raised were now presented to this court for the first time there might be a wider range for speculation as to the intent of the testatrix, and a possible construction would be that testatrix meant to include all legatees except charities in the designation "heirs." This is the position taken by Vice-Chancellor Lewis in Edwards v. Stults, supra, but he felt himself bound by the previous decision of Chancellor Green in Scudder's Executors v. Van Arsdale. If there is any doubt, therefore, as to the intention of testatrix in the instant case, the only safe plan is to follow precedent; and it must be borne in mind that the will here involved was drawn, as appears upon its face, by one not skilled in the use of technical legal terms.
In Scudder's Executors v. Van Arsdale, supra, the particular language requiring construction was "and if there is anything over and above left, let it be equally divided among all the heirs." Chancellor Green said:
"A great variety of constructions is sought by parties in interest to be put upon this clause. It is claimed that the testatrix intended that the residue should be divided, as the clause literally imports, among her heirs-at-law, among her next of kin, among her own and her husband's next of kin, among all the legatees named in the will. Among these and other conjectures that may plausibly be made as to the meaning of the testatrix, the further conjecture may be hazarded, that neither the testatrix herself nor the inexpert scrivener who drew the will had any very clear apprehension of her own meaning. *Page 175 
"Fortunately for the cause of justice and the rights of the legatees, the construction of the will is not to be left to conjecture, but must be settled by well defined principles and according to acknowledged rules of interpretation."
And the chancellor there laid down the rule "that the term `heir' is to be construed in reference to the species of property which is the subject of disposition and that when used with reference to personal property it means `next of kin.'" He then said that the intention to include all the legatees in the term "heirs" was not apparent on the face of the will and that "a conclusive objection, moreover, to this construction is that there are included among the legatees servants and others who are of no kin either to the testatrix or her husband." This decision was cited with approval by the court of errors and appeals inLeavitt v. Dunn, 56 N.J. Law 309 (at p. 311), and, so far as I know, the correctness of the decision has never been questioned in any of the courts of this state. In Edwards v.Stults, supra, Vice-Chancellor Lewis considered himself bound by the decision. In that case, the language the subject of construction was as follows: "The residue of my estate to be divided equally between the heirs specified herein." All of the relatives of the testatrix named in the will claimed a right in the residue and a third possible contention was that all of the legatees were entitled to participate in the distribution. In the course of his opinion, referring to Scudder's Executors v. VanArsdale, he said:
"And inasmuch as it was there ruled that the fact that among the legatees were persons who were of no kin to the testatrix, conclusively negatived the proposition that the term `heirs' was equivalent to `legatees,' I feel obliged to so rule in the present case. I think there can be no middle ground. Either all the legatees must be permitted to participate under the phraseology of the eleventh clause of the will, or the participants under that clause must be limited to the next of kin specifically mentioned in the will."
That language is peculiarly applicable to the present controversy. It may be conceded that the question is not free *Page 176 
from doubt, but the testatrix' intention must be found in the will itself and not from pure conjecture. And where a contrary intention is not plain, the testator is presumed to have intended the legal import of the language used. The words "not charitys encluded" as used by the testatrix in the eleventh paragraph of her will, do not, in my judgment, show a clear intent on her part to include as distributees of the corpus of the trust fund all her individual legatees, some of whom, it will be noted, "are of no kin to" her. This fact conclusively negatives the construction claimed by appellant. The fund is to be divided among those entitled "in equal parts." That the testatrix intended that the appellant, who was bequeathed only $50 and who evidently occupied a minor position in testatrix' affections, should share equally in this fund with near relatives is inconceivable, without a clear expression of intent that he should do so. Such clear intent is not apparent. There being no "middle ground" the strict construction of the word "heirs" must be applied and the decree of the orphans court is affirmed. *Page 177