This is a suit for the construction of the will of Richard DeGray. The facts are undisputed. The testator died on July 2d 1909, leaving a daughter, Edith DeGray, two sons, Frederick W. DeGray and Godwin DeGray, and three grandchildren, Martha Catherine DeGray, Amy DeGray, and Herbert L. DeGray. Martha is the daughter of son Godwin by a first wife; and the others are two children of the same son by a second wife. A trust fund was created by said will; and it is now in the amount of a little over $200,000. This trust fund provided for the three children and a grandchild; that is, for Edith DeGray, Frederick W. DeGray, Godwin DeGray, and Martha Catherine DeGray (now Martha C. DeGray Van Cleef). By the terms of the said trust, the three children and the said grandchild were to receive an income for life; and after their death, their issue, if any, were to get the corpus
from which the parent received the income. The paragraphs of the will of Richard DeGray which are involved are as follows:
"Fourth: And I direct my said executor during the first year after my death to pay to my daughter Edith DeGray three thousand six hundred dollars for her sole use in monthly payments from my death as nearly as possible. And during said year after my death to pay to my son Godwin DeGray one thousand five hundred dollars, and to my son Frederick W. DeGray, one thousand dollars for their sole and respective uses in monthly payments from my death as nearly as possible.
"After the expiration of one year from my death, I direct that during each and every year thereafter the net income of my estate as invested and as collectible in that year, such net income to be ascertained by paying out of the gross income of that year, the expenses of management and care and a reasonable and legal compensation to my trustee for management, shall be divided into four parts and paid by my trustee as follows: the income of four tenths of my estate to my daughter, Edith DeGray, as nearly as possible in monthly payments, the income of three tenths thereto to my son, Frederick W. DeGray, the income of two tenths thereof to my son, Godwin DeGray, during their respective natural lives, and the income of the remaining *Page 373 
one tenth to my granddaughter, Martha Catherine DeGray, daughter of my said son Godwin by his first wife, as nearly as possible in monthly payments during her natural life.
"And should the said net yearly income of my said estate and the shares thereof respectively, in any year, not amount to sufficient to pay in that year the amount for her share above named, to my daughter, that is to say, Thirty-six hundred dollars, then my said trustee shall withdraw from the shares, solong as they exist, in my estate, of the net income of the other legatees pro rata such amounts, and if necessary from the principal shares of my estate, pro rata, in such year or years, as may be necessary to make up that amount (it being myintention that my said daughter shall receive at least the abovestated sum every year, whether the others receive their shares asaforesaid of income, or not, and whatever becomes of theprincipal of the several shares).
"Fifth: Upon the deaths respectively of my said three children and upon the death of my said grandchild, Martha Catherine DeGray, I direct that the respective shares of the principal of my estate, to wit, four tenths to my daughter Edith, three tenths to my son, Frederick W., two tenths to my son Godwin and one tenth to my grand-daughter Martha Catherine, shall be severed from my estate and shall then pass and be paid, assigned, transferred and delivered at the respective deaths as follows: The shares of which my daughter Edith is to receive the yearly revenue during her natural life, that is to say, four tenths, are at her death to pass, be transferred, assigned and delivered to her child or children, and if children in equal shares; the shares of which my son, Frederick W., is to receive the yearly revenue during his natural life, that is to say, three tenths, are at his death to pass, be transferred, assigned and delivered to his child or children, and if children in equal shares, but not to any adopted child or children; and the shares of which my son Godwin is to receive the yearly revenue during his natural life, that is to say, two tenths, are at his death to pass, be transferred, assigned and delivered to his child or children byhis second wife, and if children in equal shares, and the remaining one tenth of which my grand-daughter, Martha Catherine DeGray, is to receive the yearly revenue, as aforesaid, shall at her death pass, be paid, assigned, transferred and delivered to her child or children and if children in equal shares; in every case the issue of any predeceased child or children to take the share the parent of such issue would have taken had it survived, that is to say, my respective children's issue or grandchild's issue shall in all cases take per stirpes and not per capita.
"In case any of my said children, Edith, Frederick W., or Godwin, or my said grand-daughter, Martha Catherine shall diewithout issue as aforesaid, that is to say, Edith, Frederick W. or Martha Catherine without lawful issue or Godwin without issue by his second wife, then I direct that the principal shares ofsuch child or grand-child so dying without such issue shall passto the others of them surviving such child or grandchild so dyingas aforesaid, and to the issue of any one or more of them thatshall have predeceased leaving such issue *Page 374 as aforesaid, in all cases the issue to take the shares the parent would have taken if alive, per stripes and not percapita, to be held by said trustee and paid over, transferred andassigned as to income and principal in the name manner andproportions among said shares and subject to the same limitationsand devolutions as herein set forth with reference to theiroriginal shares.
"In case all of my said children and grandchild shall so die without such issue as aforesaid, I direct that the several shares shall pass, be assigned, transferred and delivered to the child or children of my brother William DeGray and if children in equal shares and to the issue of predeceased children, such issue taking in every case per stirpes and not per capita." (Italics mine.)
In construing a will the cardinal rule is to give effect to the intent of the testator, unless such intent is plainly in contravention of law or public policy. Johnson v. Bowen,85 N.J. Eq. 76; 95 Atl. Rep. 370; Johnson v. Haldane, 95 N.J. Eq. 404; 124 Atl. Rep. 63; Peer v. Jenkins, 102 N.J. Eq. 235;140 Atl. Rep. 413; McDonald v. Clermont, 107 N.J. Eq. 585;153 Atl. Rep. 601; In re Allwood, 118 N.J. Eq. 172; 177 Atl. Rep. 861;affirmed, 119 N.J. Eq. 87; 181 Atl. Rep. 67; In re Fisler,131 N.J. Eq. 310; 25 Atl. Rep. 2d 265; affirmed, 133 N.J. Eq. 421; 30 Atl. Rep. 2d 894; Rusch v. Melosh, 133 N.J. Eq. 502; 33 Atl. Rep. 2d 390; affirmed, 134 N.J. Eq. 409;36 Atl. Rep. 2d 8.
The general scheme for the administration and distribution of this estate would seem to clearly indicate an intent on the part of the testator that there should be a single trust fund held for the benefit of each of the original beneficiaries, who were to receive the income only and never any of the principal, subject to devolution and changes from time to time, as and when they died; the death of any one or more of the original beneficiaries without issue, would naturally increase the original shares of those who survived.
The only daughter, Edith DeGray, was the favored beneficiary. She is to receive the net income (but never any of the principal or corpus) of four-tenths of the original estate, and the income of any proportional increase due to the death of any of the original beneficiaries without issue, or $3,600 annually in monthly payments, whichever is greater, so long as she lives. She is to receive a minimum yearly income of *Page 375 
$3,600 to be paid monthly during her natural life; and this is to be paid first out of the net income from the share held in trust for her; next it is to be paid pro rata out of the net income from other shares remaining in the estate; and finally from the principal of the shares remaining in the estate it is to be paidpro rata.
Upon the death of any of the original beneficiaries leaving issue that portion of the corpus from which that said beneficiary received the income is to be severed from the estate and paid per stirpes, and not per capita, to the issue of said beneficiary who dies, and to issue of deceased issue; however, the share given to son Godwin is limited to his child or children by his second wife. This is a gift to a class; that is, a gift to a body of persons, uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or some other definite proportion, the share of each being dependent for its amount upon the actual number. Clark v.Morehous, 74 N.J. Eq. 658; 70 Atl. Rep. 307; In re Helme,95 N.J. Eq. 197; 123 Atl. Rep. 43; Supp v. Second National Bankand Trust Co., 98 N.J. Eq. 242 (at p. 247);130 Atl. Rep. 549 (at p. 552); Damron v. Mast, 121 N.J. Eq. 489;191 Atl. Rep. 467; Rippel v. King, 126 N.J. Eq. 297; 8 Atl. Rep. 2d777; affirmed, 128 N.J. Eq. 179; 15 Atl. Rep. 2d 758;Camden Trust Co. v. Birch, 131 N.J. Eq. 542; 26 Atl. Rep.
2d 174. The membership in this class is not to be determined until the death of the prior life tenant, which is the time fixed for the closing of the class, when the living issue of the original beneficiary, and the living issue of any deceased issue, will take per stirpes.
Upon the death of Edith DeGray, Godwin DeGray, Frederick W. DeGray, or Martha Catherine DeGray (now Martha C. DeGray Van Cleef) leaving children, then the sum on which the person dying was receiving the income is to be paid to her or his children living at the time of said death, and to the issue of deceased children per stirpes.
Upon the death of any of the original beneficiaries without issue, then the principal share on which the party dying was receiving the income is to be divided into the same proportions *Page 376 
as the original estate was divided; excluding the proportion given to the original beneficiary dying without issue, but including the proportion given to an original beneficiary dying and leaving issue. The corpus of the divided share allotted to an original beneficiary dying and leaving issue, is to be paid to the issue of that original beneficiary living at the time of the death of the original beneficiary dying without issue, together with the income on the same. The corpus of the divided share allotted to a living original beneficiary is to be held by the trustee for the benefit of said original beneficiaries; and the income on the same from the date of death of the original beneficiary dying without issue is to be paid to the surviving original beneficiaries in the same manner as the income on the original bequest is paid. The estate of any original beneficiary dying without issue, or the estate of any deceased issue of any original beneficiary when said issue dies without issue, is not to share in the estate of the original testator.
Specifically, upon the death of Frederick W. DeGray, who died without issue the three-tenths of the original estate of Richard DeGray is to be divided into seven parts. The net income on four of said parts, from the date of death of the Frederick W. DeGray, is to be added to the net income on four-tenths of the original estate of Richard DeGray and is to be paid to Edith DeGray for the rest of her life. The corpus of two of said parts, together with the income on the same from the date of death of the said Frederick W. DeGray, is to be paid to Herbert L. DeGray. The net income on one of said parts from the date of death of the said Frederick W. DeGray is to be added to the net income on the one-tenth of the original estate of Richard DeGray and is to be paid to Martha Catherine DeGray (now Martha C. DeGray Van Cleef) for the rest of her life. However, at least $3,600 yearly in monthly payments is to be paid to the aforesaid Edith DeGray. This $3,600 is to be paid first from the net income on the original four-tenths and the additional four-sevenths of the original three-tenths from which the said Frederick W. DeGray was receiving an income. If this combined fund is not sufficient to yield $3,600 annually, then the *Page 377 
difference will be taken from the income on the part held for the benefit of the said Martha Catherine DeGray (now Martha C. DeGray Van Cleef), with the said Martha Catherine DeGray (now Martha C. DeGray Van Cleef) receiving the remaining part of said income. If the income from the funds to be kept by the trustee is not sufficient to pay the said Edith DeGray $3,600 annually in monthly payments, then the corpus is to be used to make up the difference; four-fifths of the deficiency is to be taken from thecorpus held to pay Edith DeGray her income and one-fifth of the deficiency to be taken from the corpus held to pay Martha Catherine DeGray (now Martha C. DeGray Van Cleef) her income.
A decree will be advised in accordance with the views herein expressed.