62 N.J. Super. 256 (1960)
162 A.2d 577
LLOYD F. SKINNER, INDIVIDUALLY AND AS ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF JOSEPH E. VALENTINE, DECEASED, PLAINTIFF-APPELLANT,
v.
EDITH D. McCORMICK AND ELIZABETH E. VALENTINE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 21, 1960.
Decided July 6, 1960.
*258 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Louis Bort argued the cause for plaintiff-appellant.
Mr. Charles J. Milton argued the cause for defendant-respondent Edith D. McCormick (Messrs. Milton, McNulty & Augelli, attorneys; Mr. John B. O'Neill, on the brief).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal is in an action for the construction of the will of Joseph E. Valentine, who died on April 3, 1959, a resident of Livingston, New Jersey. Said will was admitted to probate by the Surrogate of Essex County on May 19, 1959 and, the executor named therein having renounced, plaintiff was duly appointed administrator with the will annexed. Plaintiff is also one of the residuary legatees and devisees named in paragraph Fourth (b) of the will.
The trial court ruled that Joseph E. Valentine, hereinafter called testator, had died intestate as to approximately *259 one-half of his estate and that the same passed under the statute of descent and distribution to defendant Edith D. McCormick, his only child. Plaintiff appeals.
Testator married Edith Leonora Veal in 1916. One child was born of that marriage, Edith D. McCormick, mentioned in the will as Edith Doris Valentine, and who is hereinafter referred to as the defendant. In 1919 testator's wife divorced him and was awarded custody of the defendant. At no time after the divorce did testator avail himself of his right of visitation to his own child and defendant visited her father on only one occasion. The mother remarried in 1928 and the defendant continued to reside with her mother at all times and until the defendant's own marriage to John McCormick.
In 1927 testator married Muriel H. Skinner. No children were born of this marriage. In 1952 testator and his wife executed mutual wills. The wife had been gainfully employed, except for a two-year leave of absence, as a public school teacher, from 1919 to the date of her death. She died in February 1958 and testator, pursuant to the terms of her will, inherited her entire estate.
Testator died April 3, 1959. The pertinent provisions of his will are as follows:
"SECOND: I give and bequeath to my daughter EDITH DORIS VALENTINE, ONE DOLLAR ($1.00).
THIRD: I give, devise and bequeath all the rest of my property, real, personal or mixed, and wheresoever situate, and including all property over which I may have the power of disposition by will or otherwise, to my beloved wife, MURIEL S. VALENTINE, to her, her heirs and assigns forever.
FOURTH: Should my beloved wife predecease me, or should we die in a common disaster or under circumstances in which it is difficult to determine who died first, or if my beloved wife should die within thirty days after my death, then, in any of those events, I give, devise and bequeath said rest, residue and remainder as follows:
(a) To my sister, ELIZABETH E. VALENTINE, ONE DOLLAR ($1.00);
(b) One-half of all of the balance, share and share alike, to WILLIAM A. VALENTINE, JR., CURTIS W. SKINNER AND *260 LLOYD F. SKINNER. If any of the above-named three should predecease me, his share shall go to the survivors.
(c) The remaining one-half to MAY E. SKINNER, my mother-in-law."
Elizabeth E. Valentine, the sister mentioned in paragraph Fourth (a), survived testator. She was joined as a party defendant in this action but did not appear and her default has been entered. William A. Valentine, Jr., named in paragraph Fourth (b) of the will, was a brother of the testator. He predeceased the testator and died on February 28, 1958. Curtis W. Skinner and Lloyd F. Skinner, also named in paragraph Fourth (b), were brothers of testator's second wife. Curtis W. Skinner predeceased testator and died on September 10, 1955. Lloyd F. Skinner survives and is plaintiff herein. May E. Skinner, testator's mother-in-law, also predeceased testator, having died on April 9, 1958.
The specific issue presented on this appeal is the disposition of the share of the residue which was left to May E. Skinner, since a devise or bequest to a mother-in-law is not saved from lapse by our anti-lapse statute, N.J.S. 3A:3-13.
It is settled law that lapsed devises or legacies fall into and are carried by the residuary clause. Garthwaite's Ex'rs. v. Lewis, 25 N.J. Eq. 351 (Ch. 1874). It is also generally held that a lapsed devise or bequest of a part of the residuary estate does not become a part of the balance of the residue but instead passes as intestate property. This latter rule stems from holdings in two English cases, Skrymsher v. Northcote, 1 Swans. 566, 36 Eng. Rep. 507 (Ch. 1818), and Humble v. Shore, 7 Hare 247, 68 Eng. Rep. 101 (Ch. 1847). For a discussion and criticism of this rule see Annotation, "Devolution of Lapsed Portion Under Residuary Clause," 28 A.L.R. 1237 (1924), supplemented, 139 A.L.R. 868 (1942), 36 A.L.R.2d 1117 (1954); 2 Jarman on Wills (8th ed. 1951), 1030; 4 Page on Wills (3d ed. 1941), § 1430. The rule was without question firmly *261 adopted in this State. Hand v. Marcy, 28 N.J. Eq. 59 (Ch. 1877); Ward v. Dodd, 41 N.J. Eq. 414 (Ch. 1886); Canfield v. Canfield, 62 N.J. Eq. 578 (Ch. 1901); Rippel v. King, 126 N.J. Eq. 297 (Ch. 1939); Lawes v. Lynch, 6 N.J. 1 (1950).
The rule has been roundly criticized on all sides. One theory in support of it seems to have been that it followed the testator's presumed intent. See 31 Yale L.J. 782 (1922). However, it has been pointed out that this basis is fallacious and actually defeats testator's intention in the majority of cases. Page on Wills, supra. Justification for it is also attempted on the ground that a lapsed residuary gift cannot fall into the residue because it is, itself, a part of the residue. Page on Wills, supra calls this a play upon words.
Some jurisdictions refused to recognize the rule. West v. West, 89 Ind. 529 (Sup. Ct. 1883); Corbett v. Skaggs, 111 Kan. 380, 207 P. 819, 28 A.L.R. 1230 (Sup. Ct. 1922). Others have overruled earlier applications of it. In re Palmer, [1893] 3 Ch. 369; Schroeder v. Benz, 9 Ill.2d 589, 138 N.E.2d 496 (Sup. Ct. 1956). Some states, including New Jersey, Pennsylvania, Ohio and Rhode Island, have changed the rule by statute and provided that unless a contrary intent appears in the will, a lapsed residuary gift shall pass to the other residuary beneficiaries. The New Jersey statute, adopted in 1947, provides as follows:
N.J.S. 3A:3-14. "Residuary devises or bequests; failure by death of beneficiary or otherwise
When a residuary devise or bequest shall be made to 2 or more persons by the will of any testator dying after July 3, 1947, unless a contrary intention shall appear by the will, the share of any such residuary devisees or legatees dying before the testator and not saved from lapse by section 3A:3-13 of this title, or not capable of taking effect because of any other circumstance or cause, shall go to and be vested in the remaining residuary devisee or legatee, if any there be, and if more than 1, then to the remaining residuary devisees or legatees in proportion to their respective shares in said residue."
The applicability of this statute to the residuary clause of decedent's will is the nub of this appeal. The trial judge *262 determined that the language of paragraph Fourth of the will did not clearly bequeath or devise the whole of the residue to two or more persons as is contemplated by the statute, and that the deliberate separation of the residuary estate into separate shares "amply supports judicial avoidance of the statute and to affirm [sic] a construction of intestacy as to the share of May E. Skinner, deceased."
It is the duty of the court to construe the will, if possible so as to prevent intestacy. The reason for this is that when a decedent leaves a will the presumption is that he intends to dispose of his entire estate. The presumption is particularly strong when the subject of the gift is the residuary estate. Bankers Trust Co. of New York v. Greims, 115 N.J. Eq. 102 (Ch. 1934), affirmed 117 N.J. Eq. 397 (E. & A. 1935).
Does paragraph Fourth of decedent's will leave the residuary estate to two or more persons within the meaning of the statute, supra? We hold that it does. Certainly the decedent intended that his entire residuary estate was to be disposed of by paragraph Fourth. The division of the residuum into shares was only for the purpose of establishing the proportions the named persons were to receive.
The statute, supra specifically states that the share of a residuary beneficiary who predeceases the testator is to go to the surviving residuary beneficiaries "in proportion to their respective shares in said residue." Obviously then the statute contemplates and applies to a situation where, as here, the testator has divided the residue into shares.
It is to be noted that decedent by paragraph Second of his will cut his daughter off with a legacy of one dollar, thereby indicating that he intended that she was not to receive any part of his estate. In re Zimmerman's Estate, 122 Neb. 812, 241 N.W. 553 (Sup. Ct. 1932). Were this court to sustain the ruling by the trial judge and hold that decedent died intestate as to approximately one-half of his residuary estate, and that such share was to pass to his daughter by inheritance, the expressed intent of the testator *263 would be frustrated and defeated. It was to avoid an unintended result such as this that N.J.S. 3A:3-14 was enacted. The rationale of N.J.S. 3A:3-14 is that the testator is presumed to intend that his entire estate, not otherwise disposed of, should pass to his residuary beneficiaries who are eligible to take. Therefore, unless a contrary intent is expressed, the statute operates to achieve that end.
Defendant suggests that such a contrary intent can be gleaned from a comparison of the language in paragraph Fourth (b) and (c) respectively of the will. In (b) testator provided that if any of the named beneficiaries should predecease him, such share was to "go to the survivors." In (c) there is no provision as to disposition of that part of the residue should the beneficiary predecease the testator. Defendant argues that the absence of a provision over in (c) indicates an intent on testator's part to permit his own child to receive that portion of his estate by intestate succession should his mother-in-law predecease him.
This argument is not persuasive. Had testator any such intent it would have been comparatively simple for him to have said so in (c) rather than have the daughter's right to take depend on a strained construction of the will. It seems clear that decedent did not anticipate that his mother-in-law would die before him and he made no specific provision as to disposition of the share of the residue left her in the event of her prior death. In such situation the statute supplies the presumed intent of the testator.
Moreover, the use of a limited survivor clause in (b) can be explained by noting that in (b) one of the beneficiaries was testator's brother whose share would be protected from lapsing by N.J.S. 3A:3-13 and would pass to the brother's children or descendants thereof unless the testator provided otherwise. That is exactly what the decedent did in this instance. It is to be noted that there is no provision over in (b) in the event that all three beneficiaries predeceased the testator.
*264 It is determined that N.J.S. 3A:3-14 applies to the residuary clause under consideration and is effective to vest the entire residuary estate less the one dollar legacy to Elizabeth E. Valentine in plaintiff as surviving residuary legatee and devisee. Cf. Bankers Trust Co. v. New York Women's League for Animals, 23 N.J. Super. 170 (App. Div. 1952).
It is also determined that Elizabeth E. Valentine's share in the residuary estate is limited to the one dollar legacy provided for in paragraph Fourth (a).
Reversed.