145 N.J. Super. 250 (1976)
367 A.2d 466
K.K., PLAINTIFF,
v.
ESTATE OF M.F., DEFENDANT.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Camden County.
October 20, 1976.
*252 Mr. Allen S. Ferg for the plaintiff (Mr. Charles J. Clarke, Jr., P.C., attorneys).
Mr. Barry Hockfield for the defendant (Mr. Joseph Asbell, attorney).
DOUGLAS, J.C.C., Temporarily Assigned.
This action, brought by the mother of L.M.F., an illegitimate child, against the estate of the putative father, seeks a determination that decedent is the father of the said child, and an order of filiation directing decedent's estate to pay support, post a compliance bond and pay reasonable costs and attorney's fees. The matter is before the court on a motion of defendant estate to dismiss the complaint.
Plaintiff, in oral argument on the motion, maintains that she is proceeding under the authority of chapter 16 of Title 9 of the New Jersey Statutes, specifically N.J.S.A. 9:16-2 which provides:
*253 * * * A child born out of wedlock shall be entitled to support and education from its father and mother to the same extent as if born in lawful wedlock.
This right is implemented in N.J.S.A. 9:16-3, which provides that proceedings to enforce the obligation may be maintained by "one parent against the other" and vests jurisdiction in the courts exercising jurisdiction in bastardy cases under chapter 17 of Title 9. Implicit in any proceeding for support under Chapter 16 is the prior or concurrent establishment of paternity. To that extent the two chapters must be read in pari materia as giving a parent the right to establish paternity, though that right is not specifically granted in chapter 16 and without the limitation in chapter 17 restricting to public agencies or agents standing to bring such suits. Thus, the court finds that plaintiff mother has standing to sue. However, the right to sue, granted under N.J.S.A. 9:16-3, does not include the right to sue the estate of a deceased parent.
During oral argument on the motion plaintiff limited the relief sought to an establishment of paternity. Plaintiff alleges that she and decedent lived together from April 1975 until he was murdered on the front steps of their home on September 25, 1975, two days after the birth of L.M.F. Plaintiff's purpose in seeking the paternity adjudication is to acquire a basis for making a claim for compensation under the New Jersey Criminal Injuries Compensation Act of 1971. N.J.S.A. 52:4B-1 et seq.
The basis of defendant's motion is not set forth in its notice (R. 1:6-2) but is gleaned from the supporting brief and oral argument. The argument which the court feels is dispositive of the issue is that the cause of action has abated by reason of the death of the putative father. No New Jersey case is cited by counsel, nor does the court's research disclose an applicable New Jersey case. However, the cyclopedic authority supports defendant's position. In American Jurisprudence the rule is set forth:
*254 * * * in the absence of a statute to the contrary, it is generally held that a bastardy proceeding abates on the death of the defendant, and this rule has been held not to be changed by various statutes relating to the support of illegitimate children and to actions against personal representatives, or by general statutes relating to the survival and abatement of actions. [10 Am. Jur.2d Bastards § 97 at 917]. Also see 10 C.J.S., Bastards § 47 at 160.
The cases collected in 58 A.L.R.3d, beginning at page 188, are in substantial agreement that
* * * absent a statute expressly providing for the survival of a cause of action, or of an action, to establish paternity and support of an illegitimate child, neither the right of action nor an action already instituted survives the death of the putative father, so that no new filiation proceeding can be instituted against the decedent's estate, and an existing action which has not reached judgment abates and cannot be continued against defendant's personal representative. [at 190]
Plaintiff relies on a New York case, In re Gordon, 54 Misc. 2d 967, 283 N.Y.S.2d 787 (Fam. Ct. 1967). That case is deemed inapposite since the court there held that the legislature had impliedly recognized the power of the Family Court to grant an order of filiation after the death of the putative father by providing that the support proceedings could be brought after the father's death only if a court support order had been made prior to the father's death, and that another statute which provides for inheritance by illegitimates where an order of filiation had been granted during the life of the father further supported the right of the court to enter such an order after death. The case is based on premises not applicable in New Jersey inasmuch as New Jersey has no statute providing for support after the death of the father. Furthermore, our present statute on descent and distribution does not permit an illegitimate child to inherit. N.J.S.A. 3A:4-7. While this statute may not now pass constitutional scrutiny, that question is not before the court and the existing legislation must be accepted in dealing with the present *255 issue. Moreover, the New York courts are not in agreement with each other since, in Middlebrooks v. Hatcher, 55 Misc.2d 301, 285 N.Y.S.2d 257 (Fam. Ct. 1967), the court held that a filiation proceeding abated with the death of the alleged father.
New Jersey has no statute expressly providing for the general survival of a cause of action or specifically for the survival of an action to establish paternity. The statute sued under explicitly refers to one parent suing another, as opposed to one parent suing the estate of another parent. Insofar as requiring fathers to support their illegitimate children, Chapter 16 (N.J.S.A. 9:16-1 et seq.), requiring fathers to support their illegitimate children, is in derogation of common law and must be strictly construed. State Bd. of Child Welfare v. P.G.F., 57 N.J. Super. 370 (J.D.R. Ct., 1959). This court is a statutory court whose jurisdiction is strictly limited to statutory authority. Compton v. Compton, 109 N.J. Super. 5 (App. Div. 1970). It thus appears that, at present in this court, the common law abatement of a paternity action by the death of the putative father continues to be the law.
Plaintiff argues that it is manifestly inequitable to deny her the opportunity to establish paternity of her child and urges the court to adopt a more modern approach to the problem, change the existing law and deny the motion. And it is suggested in American Law Reports 3d that in light of changing social attitudes and sexual mores:
* * * it seems plausible to argue that an illegitimate child should have the right to establish his paternity for any proper purpose, notwithstanding the accident of the father's death, since presumably a legitimate child could do so. [58 A.L.R.3d 191]
It may also be argued that if the right to establish paternity dies with the death of the putative father, a child unsupported prior to the alleged father's death may be deprived of retroactive support from the father's estate when there are sufficient resources to provide suitable support. *256 However, in the absence of a New Jersey statute abrogating the common law abatement of the establishment of paternity, the equities in favor of a plaintiff thus situated must be weighed against the court's reluctance to stretch its powers and, in effect, to legislate judicially. When so weighed, plaintiff's arguments fail to preponderate against established principles of law.
Motion to dismiss the complaint is granted.