214 N.J. Super. 513 (1986)
520 A.2d 759
JOAN KOIDL, PLAINTIFF-APPELLANT,
v.
CHARLES E. SCHREIBER (NOW DECEASED), DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1986.
Decided December 1, 1986.
Before Judges BILDER, GAYNOR and SCALERA.
Alan J. Cornblatt argued the cause for appellant (Thomas Keck, on the brief).
*514 Linda Lashbrook argued the cause for respondent (Wilentz, Goldman & Spitzer, attorneys; Linda Lashbrook, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
On this appeal we must decide whether a support order entered against the father of illegitimate children can survive the father's death. In the apparent belief that the man's death terminated the obligation, the Superior Court, Chancery Division, Family Part, vacated the support order as of the date of death upon the ex parte application of the probation department. The children's mother, plaintiff in the support action, appeals contending that the support obligation survived the father's death and that the ex parte action deprived her and her children of due process.
This suit originally started as a paternity action in which plaintiff, Joan Koidl, sought support and maintenance for two children alleged to have been fathered by Charles Schreiber: Eric, born in 1971, and Tara, born in 1973. The parents never married. Schreiber admitted paternity and a consent order was entered on October 17, 1977 requiring payments of $40 per week for the support of both children ($20 each child). In December 1977 the order was modified to raise the weekly payment for the two children to $50, effective January 1978. On July 13, 1984 Schreiber died. Presumably, the payments stopped. On November 30, 1984 the ex parte order was entered terminating the support requirement as of the date of death.
Schreiber left a will in which he made no provision for Eric or Tara. These children did, however, receive $15,000 each from insurance provided for by their father. They are also receiving Social Security survivors benefits  in August 1985 it was $255 per month for each.
*515 The question presented is apparently one of initial impression. We are not, however, bereft of helpful precedent. When confronted with a similar question in the context of divorce, our Supreme Court concluded that "where the circumstances equitably call for such action, the court may enter a support order for minor children to survive their father's death...." See Grotsky v. Grotsky, 58 N.J. 354, 361 (1971). We see no reason why the same should not be true of a support order outside the context of a divorce.
Although the duty of parents to support their children is a universally accepted moral obligation  a principle of natural law  it is not a legal duty recognized at common law. Id. at 356. Any legal obligation arises from statutory enactments bearing on parental duties. Ibid. In Grotsky, Justice Jacobs found such a legal obligation in the provisions of N.J.S.A. 2A:34-23 empowering the court to make such order as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just. Ibid. He noted that the statute does not deal in explicit terms with the power to provide for the continued support of children after the death of their father, id. at 357, but concluded that the liberal construction which should be afforded the statute to reach its beneficial ends permitted support orders for minors who survive the parent. Id. at 361.
The statute which is relevant to this proceeding is not unlike the divorce statute with which Justice Jacobs was concerned. N.J.S.A. 9:17-53, a section of the New Jersey Parentage Act, permits an order concerning the duty of parental support and sets forth the criteria for the amount and breadth of that support. Thus, for example, the court is enjoined to consider, among other things, the "[n]eed and capacity of the child for education, including higher education." N.J.S.A. 9:17-53e(5). Like the divorce statute, it does not deal with continued support after the death of the parent but, like the divorce statute, the *516 power to continue support after the death of the parent may be found in its broad purposes. See Grotsky, supra at 361. The propriety of such an interpretation finds support not only in the broad support provisions contained in N.J.S.A. 9:17-53 but also in the explicit reference in N.J.S.A. 9:17-45 to the estate or legal representative of an alleged father. It is interesting to note that when the question of the support obligations of a deceased parent arose under an earlier law, N.J.S.A. 9:16-2, the court concluded the obligation for support was abated by death because, inter alia, no provision was made for an estate to be a party in a paternity action. See K.K. v. Estate of M.F., 145 N.J. Super. 250, 255 (Cty.Ct. 1976). That court also relied upon the now changed law that illegitimate children could not inherit. Id. at 254.
In responding to the claim of continued support, the father's estate argues that it is clear that a parent need not make testamentary provisions for a child. See Skinner v. McCormick, 62 N.J. Super. 256, 262 (App.Div. 1960); N.J.S.A. 3B:5-16. Surviving children have not been given the protection of an elective share. Cf. N.J.S.A. 3B:8-1 et seq. providing an elective share to a wife. The estate contends a recognition of a support obligation after death would amount to an overturning of the will. The argument misapprehends the issue. We are not concerned with the right of a surviving child to participate in a parent's estate. We are concerned with the right of a child, as one to whom the decedent owed an obligation, to enforce that obligation against the estate. That beneficiaries under a will take subject to the testator's obligations is black letter law. The children do not claim a right under the will; rather, they assert a continuing dependency claim against the estate.
On this appeal we decide no more than the existence of a right on the part of the court to continue support payments after the death of the parent. For the purpose of this appeal, in the absence of any provision to the contrary, we interpret the order entered in this proceeding as requiring such continued *517 support. Whether such payments should continue is a question to be dealt with by the trial judge who should consider, among other things, the statutory criteria set forth in N.J.S.A. 9:17-53e. There are changed circumstances which will also be of importance to the trial judge's decision  as, for example, the father's death, the provision he made for the children by way of insurance and the Social Security benefits they are receiving. See Lepis v. Lepis, 83 N.J. 139, 149-156 (1980).
The order of November 30, 1984 is vacated and the matter remanded for further proceedings consistent with this opinion.