MYRA A. MOCKRIDGE

*v.*

WILLIAM P. MOCKRIDGE.

[Filed October 24th, 1901.]

Where, by articles of separation, a husband covenants to pay to his wife a certain sum per month for her support and she agrees to accept such payments in satisfaction of alimony, she may maintain an action in her own name to recover past-due sums.

---

*Mr. Samuel C. Mount,* for the complainant.

*Mr. Louis H. Schenck,* for the defendant.

REED, V. C.

This bill is filed to compel the defendant to pay to the complainant the amounts already due to his wife by the husband, while living apart from her under articles of separation. The demurrer sets up that she has no right to sue in her own name, and that, if a right exists at all, it belongs to the trustee named in the articles of separation, or his successor, who would have an adequate remedy in a court of law. The articles of separation, so far as they are set up in the bill, were executed by these parties and a trustee. The husband covenanted to pay, or cause to be

paid, for the support of his wife, $35 a month; and the wife agreed to accept this sum in satisfaction of alimony. While living separate from his wife he would have been compellable to maintain her, and they were competent to liquidate the amount to be paid for such maintenance. While a court of equity will not compel the parties to specifically perform the articles of separation in respect to their future lives, or future maintenance, it will compel the husband to pay that which he has promised to pay, and which has already accrued under the articles. This was the rule established in *Aspinwall* v. *Aspinwall, 4 Dick. Ch. Rep. 302,* and in *Head* v. *Head, 3 Atk. 295,* a husband, living separate from his wife, was compelled, by Lord-Chancellor Hardwick, to pay the arrears of amounts promised by him, in a letter to her, for her support. Nor does the fact that a trustee is also a party to the articles of separation strip a court of equity of its jurisdiction. A trustee was a party to the articles under consideration in *Aspinwall* v. *Aspinwall, supra.* In the present articles there is no covenant to pay the sum named for the support of the wife to the trustee. The wife is the beneficiary, and her right to sue in equity is complete.

The demurrer is overruled.