23 N.J. Super. 60 (1952)
92 A.2d 505
FRANCES MODELL, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
EUGENE MODELL, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided November 14, 1952.
*61 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Stanley W. Greenfield argued the cause for defendant-appellant.
Mr. Joseph N. Braff argued the cause for plaintiff-respondent (Messrs. Braff & Litvak, attorneys).
PER CURIAM.
The wife brought a suit for separate maintenance, in which she sought suitable support for herself and the two infant children of the marriage. The husband answered and counterclaimed for one-half the total moneys given by him to the wife to be saved for them jointly. A writ of ne exeat issued and the husband was released thereon upon giving bond in the amount of $1,000. The husband appealed and the wife cross-appealed from the judgment which was entered.
No useful purpose would be served by dealing in detail with each ground of appeal and of cross-appeal. From our examination of the record we are satisfied that (1) the wife proved her cause of action for separate maintenance; (2) the wife did not become disentitled to relief because of any fraud, deceit or perjury; (3) the award of $70 per week for the support of the wife and two infant children is justified on the proofs; (4) the division made of the defense bonds and bank accounts, the exclusion of certain bonds from the division, and the charges made against the *62 wife for three withdrawals from the bank accounts, are all sufficiently supported by the evidence; and (5) the discharge of the writ of ne exeat was proper under the circumstances.
The husband attacks that part of the judgment which provides:
"ORDERED and ADJUDGED that the insurance policies now on the life of the said defendant shall be divided so that the plaintiff shall receive and hold one half of the face value of said policies and the defendant shall receive the other half of the face value of said policies. The defendant, however, is to make the plaintiff the beneficiary of the policies turned over to her and the defendant is barred from changing the beneficiary in the said policies, hereby given to and remaining in the possession of the said plaintiff and is to sign all necessary papers and documents to carry out this portion of this Judgment. The defendant is to pay all premiums on the policies retained by the plaintiff in addition to the monies awarded to the plaintiff and the infant children for support and maintenance, and this Order shall not go into effect until such necessary documents and papers have been fully signed and executed by the said defendant."
The death of either the husband or the wife terminates the husband's obligation to support the wife. 10 N.J. Practice (Herr, Marriage, Divorce and Separation), § 273. The effect of this order is to compel the husband to create a fund for the support and maintenance of the wife after his death, if she survives. Its effect, in case the wife predeceases the husband, is left in doubt. The trial court erred in entering this order and it must be stricken from the judgment.
The husband also attacks the allowance of a $2,000 fee to the attorneys of the plaintiff as grossly excessive. We note that the judgment provides that this counsel fee shall be paid out of the moneys in the joint bank accounts before division of such moneys between the parties. Taking into consideration all the circumstances, we are not satisfied that the amount allowed should be disturbed by us.
The judgment is modified by striking therefrom the order concerning the life insurance policies, and as so modified the judgment is affirmed.