## Scott Estate.

40

Argued April 30, 1958; reargued June 4, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*David F. Maxwell*, with him *Frank Bechtel, Jr., Ralph C. Busser, Jr., Harman H. Deal*, and *Obermayer, Rebmann, Maxwell and Hippel*, for appellants.

*Frank E. Vittori*, with him *Frederick B. Smillie*, and *Smillie, Bean, Davis & Tredinnick*, for appellee.

OPINION BY MR. JUSTICE BELL, November 10, 1958:

The Orphans' Court of Montgomery County allowed the claim of Anna Mae Scott for payments of $50 per week for her life from the estate of William H. Scott, her former husband. Mary E. Scott, the decedent's

widow, and two of the three children of Anna Mae Scott and the decedent, appealed.

The decedent died on March 16, 1955, leaving a will dated July 29, 1944, which bequeathed his residuary estate to his children, William H. Scott, Jr. and Ruth S. Laird.* The decedent's widow elected to take against his will. His net estate, excluding the claim of his first wife, was approximately $300,000. Anna Mae Scott filed her claim against the estate for the weekly $50 payments and demanded both accrued unpaid instalments and the establishment of a fund to pay the estate's obligation.

Anna Mae Scott and decedent were married on June 14, 1916. In 1947 she was granted a divorce in New Jersey, where the parties lived. Appellee in support of her claim in the Court below offered an exemplified copy of the decree of the New Jersey Court of Chancery. That portion of the decree nisi (which later became final) which is pertinent to this claim provides as follows:

"It further appearing to the Court that the parties hereto have agreed between themselves, subject to the approval of the Court, upon the terms of support to be paid by the defendant to the petitioner, viz: that the defendant will pay forthwith to the petitioner *in lieu*** of any presently accrued or future *alimony*, the sum of Five Hundred Dollars ($500) and the sum of Fifty Dollars ($50) per week to be paid *during the natural life* of the petitioner; the life insurance policies presently in existence on the life of the defendant with irrevocable beneficiary clauses in favor of the petitioner shall be continued, she to receive under the terms of said policy the sum of Two Hundred and Fifty

---

\* Appellants in this case.

\*\* Italics throughout, ours.

Dollars ($250) per month after the death of defendant for the remainder of *her natural life,* petitioner acknowledging that her estate will have no claim to any balance in the hands of the insurance companies at the time of her death; that petitioner and defendant jointly own premises 134 Penn Avenue, Collingswood, New Jersey, and that the use and possession thereof shall be the sole right of the petitioner during the term of *her natural life,* and that upon this decree becoming final, they will join in a deed of conveyance to themselves as joint tenants subject to the petitioner's right to exclusive possession of the premises during her life as aforesaid; that the defendant will pay all taxes on said premises, and will maintain fire and supplemental insurance in an amount sufficient to protect the value thereof; and that defendant will cause the exterior of the dwelling house on said property to be painted in the near future; and the Court being satisfied that this is a fair and equitable agreement, and that the provisions thereof would be of *greater benefit* and advantage to the petitioner *than would a provision herein by way of alimony* and are suitable and adequate for her support and maintenance; and it is further ordered, adjudged and decreed that the said agreement be and the same is hereby approved,* and that defendant proceed to carry out the terms thereof. By the statute."

The lower Court sustained the claim of Anna Mae Scott on the ground that the agreement represented a property settlement approved by the New Jersey Chancery Court which was entitled to full faith and

---

* The parties agree that the aforesaid order or decree of the New Jersey Court was based upon an oral agreement made between the deceased and his first wife, Anna Mae Scott, which had not been reduced to writing but was orally recited to the Advisory Master in Chancery at the time of the divorce hearing and thereafter was embodied as part of the aforesaid decree.

credit in Pennsylvania. We agree with appellants that this claim is governed by the law of New Jersey, irrespective of whether it arises out of a decree of the New Jersey Court of Chancery, which is entitled to full faith and credit under Article IV, §1 of the Constitution of the United States: *Sherrer v. Sherrer,* 334 U. S. 343; *Coe v. Coe,* 334 U. S. 378; *Johnson v. Muelberger,* 340 U. S. 581; or out of a contract executed in New Jersey by residents thereof: *Linn v. Employers Reinsurance Corp.,* 392 Pa. 58, 139 A. 2d 638; *Bernstein v. Lipper Manufacturing Co.,* 307 Pa. 36, 160 A. 770. Appellants admit, as the language demonstrates they must, that the intention of the parties was "to provide a sum of $50 per week for appellee *for life."* Such a contract would be valid under the law of Pennsylvania and its terms would be enforced, if this was governed by the law of Pennsylvania. However, appellants contend that New Jersey is an "alimony" state and that the weekly payments were for support or maintenance or alimony or in the nature of alimony and as such they terminate at the time of decedent's death. The parties agree that under New Jersey law alimony payments as such terminate upon the death of the husband: *Modell v. Modell,* 23 N.J. Superior Ct. 60, 92 A. 2d 505; *Macfadden v. Macfadden,* 46 N.J. Superior Ct. 242, 134 A. 2d 531; *Raymond v. Raymond,* 39 N.J. Superior Ct. 24, 120 A. 2d 270.

Property settlements and contracts and decrees embodying them are valid in New Jersey and are not terminated by death unless the parties so provide: *Macfadden v. Macfadden,* 46 N.J. Superior Ct. 242, 134 A. 2d 531; *West Jersey Title & Guaranty Co. v. Industrial Trust Company,* 27 N.J. 144, 141 A. 2d 782. Nevertheless, appellants contend that where an agreement or decree contains (1) a property settlement, and (2) provisions for alimony or support, they are severable; and

while the property provisions will be enforced, the alimony or support provisions will not be enforced after the obligor's death.

Appellants cite no appellate authority from New Jersey which directly rules the instant case or holds that a husband cannot lawfully contract to pay his wife a weekly sum *for her life,* in lieu of alimony. On the contrary, the nearest appellate New Jersey decision impliedly sustains such an agreement in accordance with its exact terms. In *Macfadden v. Macfadden,* supra, where the Superior Court of New Jersey granted specific performance of a provision in a separation agreement between an estranged wife and her now deceased husband, the Court said: "The contractual engagement by Macfadden to provide the plaintiff with a home for life in the Englewood property is not alimony. The power of a court to award alimony is purely statutory, and as used in our statute has a technical signification, N.J.S. 2A:34-8 and 2A:34-23, N.J.S.A. Its purpose is to require the husband to make periodic payments to the wife for her support commensurate with his circumstances and her necessities. It is a purely personal right in the nature of an annuity. Lynde v. Lynde, 64 N.J. Eq. 736, 753, 52 A. 694, 58 L.R.A. 471 (E. & A. 1902); O'Loughlin v. O'Loughlin, 12 N. J. 222, 229, 230, 96 A. 2d 410 (1953). The obligation to pay alimony terminates upon the death of the husband. Modell v. Modell, 23 N.J. Super. 60, 92 A. 2d 505 (App. Div. 1952). However, the obligation undertaken by Macfadden to furnish a home for plaintiff for life did not terminate with his death; it continues as an obligation of his estate. The reason for this is two-fold: (1) it is not alimony but a contractual obligation to furnish his wife with a home for life; and (2) the agreement expressly provides in paragraph 18 thereof that it shall be binding upon his executors, . . . .

"In like manner, an agreement by the husband to provide a home for the use of his wife for life cannot be classified as an obligation to pay alimony, terminable upon his death. He obligated himself for the performance of this agreement and it will be enforced in a court of equity. Aspinwall v. Aspinwall, 49 N.J. Eq. 302, 24 A. 926 (E. & A. 1892); Mockridge v. Mockridge, 62 N.J. Eq. 570, 50 A. 182 (Ch. 1901)."

Both the agreement and the decree provide for a property settlement. For example, they provide for life insurance, the title, use and possession of premises 134 Penn Avenue, Collingswood, New Jersey, payment of taxes and insurance on said property and the painting of the outside of the dwelling house on said property. Even with respect to the payment of $50 per week "to be paid during the natural life of the petitioner", it is recited that this is "in lieu of any . . . alimony". Furthermore, the Supreme Court of New Jersey has recently construed this agreement and characterized it as a property settlement: *West Jersey Title & Guaranty Co. v. Industrial Trust Company*, 27 N.J. 144, 141 A. 2d 782. In that case Anna Mae Scott and the Executors of the Estate of William H. Scott each claimed the proceeds of the sale of premises 134 Penn Avenue, Collingswood, New Jersey. The Supreme Court of New Jersey awarded the entire proceeds of the sale to Anna Mae Scott, and said: "There can be no doubt as to the quality and integrity of the agreement embodied in the decree *nisi*; it was a property settlement that to all intents and purposes merged in the decree itself, amenable to the equitable remedy of specific performance for the effectuation of the right or other remedial process."

No Court of New Jersey has decreed that the payments of $50 per week for petitioner's support in lieu of alimony should be terminated. In the light of all

these facts and the authorities hereinabove discussed or cited, we are of the opinion that Scott and his estate should not be absolved from the payments which he clearly and specifically promised to pay to Anna Mae Scott for her life.

Appeals dismissed at appellants' costs.