PRISCILLA S. MEERWARTH, PLAINTIFF-APPELLANT, v. RALPH N. MEERWARTH, DEFENDANT-RESPONDENT.

Argued October 25, 1976—Decided December 2, 1976.

542

*Mr. E. Neal Zimmermann* argued the cause for plaintiff-appellant (*Messrs. Conway and Belsole,* attorneys; *Mr. Bernard F. Conway* and *Mr. Zimmerman,* on the brief).

*Mr. Gary N. Skoloff* argued the cause for defendant-respondent (*Messrs. Skoloff & Wolfe,* attorneys; *Mr. Skoloff,* on the brief).

The opinion of the court was delivered by

SULLIVAN, J. Plaintiff, Priscilla S. Meerwarth, appeals as of right pursuant to *R.* 2:2–1(a)(1) from a judgment of the Appellate Division affirming a ruling by the trial court which denied plaintiff's motion for an order to compel defendant, her former husband, from whom she had been divorced, to cooperate with plaintiff in obtaining an insurance policy on his life at plaintiff's expense, by completing the information required on the application and submitting to any required physical examination. We affirm.

After a 13-year marriage plaintiff obtained a divorce from defendant on July 13, 1973 on grounds of adultery. The final judgment awarded plaintiff alimony of $25,000 per year, as well as equitable distribution of $200,000 which amounted to one-third of defendant's total assets. There are no children born of the marriage. In January 1974 plaintiff filed the motion heretofore mentioned, supported by her affidavit that she was looking for some protection against the loss of alimony should defendant (then age 42) "meet an untimely demise".

The trial court held that defendant, who objected to having to submit to a physical examination, had a constitutional right of privacy, but that this right was not absolute and might be regulated by the State if a compelling state interest were shown. The trial court noted that there is a considerable state interest in protecting a divorced wife from potential destitution. However, since a substantial amount of equitable distribution had been awarded to plaintiff in addition to yearly alimony of $25,000, it found that the

544

State's interest was not so compelling as to override defendant's right to privacy. Accordingly it denied plaintiff's motion.

■■ We conclude that a trial court, in appropriate circumstances and for good cause shown, could order a divorced husband to cooperate in obtaining insurance on his life for the financial protection of his former wife, and his children, if there be any. *Cf. Grotsky v. Grotsky*, 58 *N. J.* 354 (1971). This authority stems from the statutory provision, *N. J. S. A.* 2A:34–23, empowering a judge in a matrimonial action either before or after judgment to

"* * * make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. * * *"

However, each case must stand on its own facts and deference must be given to the trial court's ability to weigh the equities and take appropriate action.

■ In the instant case the trial court found that plaintiff's alleged need for this kind of financial protection was not compelling in light of the substantial equitable distribution she had received and the alimony awarded her. It therefore declined to override defendant's objection to what he considered an unwarranted invasion of his right of privacy. We are not persuaded that the trial court's ruling in this sensitive area was erroneous. Nor has a showing been made of changed circumstances such as would warrant modification of the terms of the original judgment.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN and SCHREIBER and Judge CONFORD—6.

*For reversal*—None.