**Vicki Lynn Igo GRAHAM, Appellant,**

**v.**

**Filson Claude GRAHAM, Appellee.**

Court of Appeals of Kentucky.

Feb. 29, 1980.

Glen S. Bagby, Brock, Brock & Bagby, Lexington, for appellant.

Thomas W. Miller, Miller, Griffin & Marks, P.S.C., Lexington, for appellee.

Before HAYES, C. J., and HOGGE and LESTER, JJ.

HAYES, Chief Judge.

This is a dissolution of marriage proceeding in which the petitioner-appellant, Vicki Lynn Igo Graham, requested maintenance for a period of four (4) years. The appellant appeals from the final decree denying maintenance and from the refusal of the Fayette Circuit Court to require respondent-appellee, Filson Claude Graham, to name the parties' children as first beneficiaries on the existing life insurance policies.

The parties were married for twelve (12) years. At the time of the trial, Vicki was twenty-nine (29) years old and was employed as assistant manager and public relations manager of a limousine service. Her net take-home pay was $112.00 per week. Fil was thirty-two (32) years old and was a manager at IBM. His net take-home pay was $200.68 per week. There were two infant children: Ernest Filson Graham II, born September 18, 1967, and Andrew Jason Graham, born November 4, 1971.

At the time of their marriage, Vicki was a junior in high school and Fil was a freshman at the University of Kentucky. Shortly thereafter, Fil began full-time employment at IBM, where he continued to work throughout the marriage. Fil attended college part-time and was graduated in August, 1977. Vicki was a housewife for the greater part of the marriage. However, she did work at a series of short-lived jobs which totaled a year and a half out of the eleven-year period prior to 1978. In January of 1978, Vicki began her job with the limousine service. During the marriage, Vicki was graduated from high school. At the time of the trial, she had been attending the University of Kentucky as a part-time student for four (4) years and was a second semester sophomore with a 4.0 grade point average.

The parties separated on September 27, 1978. The final decree was entered on May 7, 1979, by order of the trial court, in accordance with the findings of fact and conclusions of law entered by the court on April 20, 1979.

The circuit court awarded Vicki the custody of the two children and $300.00 per month for child support; assigned the non-marital property of the parties; divided the marital property, with Vicki receiving the household furnishings except for a few restored items to Fil; ordered Fil and Vicki to pay one-half each of the monthly home mortgage payment, the maintenance, repairs, taxes and insurance, and to pay equally the $1,800.00 in marital debts; and ordered each party to pay his or her own attorney's fees. Vicki and the two children were permitted to live at the marital home at 2314 Wanda Way, Lexington, Kentucky, until the youngest child becomes eighteen (18) years old, or Vicki remarries or is deceased. Upon the happening of one of these contingencies, the property is to be sold with the net proceeds to be divided equally between Vicki and Fil. From this order, both parties made motions for additional and corrected findings pursuant to CR 52.02. All motions were overruled, and Vicki appeals. She contends that the trial court erred in not making findings as to the wife's reasonable needs pursuant to KRS 403.200(1)(a) and in failing to award maintenance to the appellant for four (4) years while she finished college, and the court erred in refusing to require the respondent-appellee to name the two children as first beneficiaries on the existing life insurance policies.

Appellant contends that the trial court erred in failing to make a finding of the wife's reasonable needs as envisioned by KRS 403.200(1)(a). The determination of this issue requires consideration of KRS 403.200, which provides in part:

(1) In a proceeding for dissolution of marriage . . . the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

KRS 403.200 outlines only the procedures to be followed when maintenance is granted: maintenance can be ordered only if the court finds that both (a) and (b) are true. *Inman v. Inman*, Ky.App., 578 S.W.2d 266 (1979). In the instant case, the trial court found that Vicki was able to support herself through appropriate employment. Consequently, since appellant did not meet part (b) of the two-part test and therefore could not be awarded maintenance, it is irrelevant whether Vicki did or did not lack sufficient property to provide for her reasonable needs. There appears to be no requirement under the statute for the trial court to make a finding as to the wife's reasonable needs if it finds that she is able to support herself through appropriate employment.

Vicki next argues that the trial court erred when it failed to correct the finding concerning Fil's earnings. The trial court found that Fil is employed at IBM and has a net take-home pay of approximately $200.00 per week. CR 52.01 states in part that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." This court may not disturb the findings of a chancellor in a dissolution of marriage case unless they are clearly erroneous. *Bruton v. Bruton*, Ky.App., 569 S.W.2d 182 (1978). Appellant concedes that the finding that the husband's net take-home pay was about $200.00 per week is accurate, but argues that it overlooks the fact that the husband utilized a $123.00 weekly credit union deduction as a device to distort his true disposable earnings. As the husband's pay stub indicates that his net pay was $200.68 per week, we cannot say that the finding was clearly erroneous or that the trial court did not take the deduction into consideration.

It is settled in Kentucky that the matter of maintenance is within the discretion of the trial court. *See Browning v. Browning*, Ky.App., 551 S.W.2d 823 (1977); *Bell v. Bell*, Ky., 494 S.W.2d 517 (1973). We cannot say that the trial court abused its discretion in denying maintenance to Vicki. There is substantial evidence in the record that she is not only capable of supporting herself, but will be able to complete her education with the cooperation of her employer.

The appellant requested the circuit court to direct that the parties' children be named as the only first beneficiaries on appellee's life insurance with IBM and upon two $10,000.00 policies with Mutual of New York (MONY) until they reached the age of majority. The trial court did not rule upon this issue in its findings of fact and conclusions of law. The appellant renewed her request in her motion for additional findings and to correct findings, which was overruled.

On appeal, the appellant contends that *Budig v. Budig*, Ky., 481 S.W.2d 95 (1972), should no longer be followed in light of the enactment of KRS 403.250(3). In *Budig*, the former Court of Appeals held that a trial court committed error when it ordered the husband to maintain life insurance in the sum of $60,000.00 for his three minor children. The court stated at 97:

We have found that in those states where a father was ordered to maintain insurance benefits for his children the court's action was usually based upon

statutes which the court interpreted as requiring a father to provide for his children's support during their minority regardless of whether he remained alive. *See Franklin Life Insurance Company v. Kitchens*, 249 Cal.App.2d 623, 57 Cal.Rptr. 652 (1962); and *Grotsky v. Grotsky*, 58 N.J. 354, 277 A.2d 535 (1971). In those states where a father's duty to support his children abates upon his death it has been held that a requirement that he make provisions for their maintenance afterward is unauthorized in the absence of special circumstances. . . . We have held . . . that a parent is not liable for the support of a child after death unless he had obligated himself for such support as in *Arnold v. Arnold's Ex'x*, 314 Ky. 734, 237 S.W.2d 58 (1951). We reaffirm those decisions and hold that the chancellor erred in ordering George to maintain life insurance for the benefit of his children. (Citations Omitted).

*Budig* was decided prior to Kentucky's adoption of the Uniform Marriage and Divorce Act (codified at KRS § 403 (Supp. 1978)). *Budig* recognized that a statute may require a parent to support his minor child even if he were no longer alive. Kentucky now has such a statute. The pertinent provision is KRS 403.250(3) which provides:

(3) Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child *but not by the death of a parent obligated to support the child.* When a parent obligated to pay support dies, the amount of support may be modified, revoked, or commuted to a lump sum payment, to the extent just and appropriate in the circumstances. (Emphasis added).

We hold that this statute constitutes a legislative change of the common law that developed prior to the adoption of the Uniform Act. Thus, a trial court in Kentucky may order that life insurance be maintained by a parent obligated to pay child support. However, a trial court has broad discretion in this matter, and we find no abuse of discretion in the instant case in the court's refusal to order that the children be named as the only first beneficiaries of the life insurance policies.

The judgment is affirmed.

All concur.