184 N.J. Super. 430 (1982)
446 A.2d 540
HELENE DAVIS, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
RICHARD S. DAVIS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT. HELENE DAVIS, PLAINTIFF-APPELLANT,
v.
RICHARD S. DAVIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1982.
Decided April 27, 1982.
*432 Before Judges MICHELS, McELROY and J.H. COLEMAN.
Daniel G. Kasen argued the cause for defendant Richard S. Davis (Kasen & Kraemer, attorneys; Daniel G. Kasen of counsel and on the brief).
John E. Finnerty argued the cause for plaintiff Helene Davis (John E. Finnerty and Mark Weber on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
In these consolidated appeals plaintiff Helene Davis and defendant Richard S. Davis challenge portions of several postjudgment orders of the Chancery Division entered in this matrimonial action which (1) increased the amount of alimony defendant *433 is to pay plaintiff from $580 to $990 a month; (2) required defendant to designate plaintiff as the beneficiary of $100,000 of life insurance or, alternatively, to create a $100,000 trust fund to pay her alimony in the event of his death; (3) directed plaintiff to pay defendant one-half of all Social Security disability and other benefits received by her in excess of $2,000 a year; (4) awarded plaintiff counsel fees of $2,500 and (5) denied plaintiff additional counsel fees.
The facts giving rise to these appeals essentially are not in dispute. On September 28, 1956, after about 14 1/2 years of marriage, a judgment nisi was entered in the Chancery Division granting plaintiff and defendant a provisional divorce and ordering defendant to pay plaintiff $50 a week alimony. In December 1956 the judgment nisi became absolute. On June 21, 1961 a consent order was entered by the trial court pursuant to which defendant was to pay plaintiff alimony of $325 a month. On November 6, 1963 a second consent order was entered pursuant to which defendant was to increaseplaintiff's alimony to $365 a month. By 1973, however, plaintiff's health had deteriorated to the point that defendant conceded that plaintiff was no longer able to seek gainful employment. On February 1, 1973, in an attempt to "fix, finally and irrevocably the amount of money" which defendant was to pay plaintiff, the parties entered into an agreement which in pertinent part, provided:
1. [Defendant] agrees that commencing as of February 1, 1973 and on the first day of each and every month thereafter, until the remarriage of [plaintiff] or the death of [plaintiff] or [defendant], whichever event occurs first, [defendant] shall pay to the [plaintiff] the sum of $580 a month as alimony for her support and maintenance.
2. If [plaintiff] shall receive, by way of Social Security benefits, for disability or otherwise, a sum in excess of $2,000 per annum, [plaintiff] agrees that she will reimburse to [defendant], either in cash or by way of adjustment on the amount to be paid thereafter by [defendant] to [plaintiff], one-half of all sums received by [plaintiff] by such Social Security benefits in excess of the sum of $2,000 per annum.
The trial court "approved finally and irrevocably" this agreement by order dated March 6, 1973.
*434 On October 17, 1979 plaintiff moved for an order (1) increasing alimony; (2) directing that defendant provide her with Blue Cross/Blue Shield coverage; (3) directing that she be designated as the beneficiary of $140,000 of insurance on defendant's life and (4) awarding counsel fees. Alternatively, plaintiff sought discovery, including copies of defendant's federal and state income tax returns from 1973. Defendant thereupon filed a cross-motion to compel plaintiff to submit to cross-examination pursuant to the provisions of R. 1:6-6. Following argument, the trial judge granted each party the right to serve written interrogatories upon the other and to apply to take depositions and seek such other discovery as may be necessary. The trial judge reserved decision with respect to the other relief requested by plaintiff. On July 25, 1980 plaintiff filed another motion essentially seeking the same relief requested by the October 1979 motion. On December 8, 1980, after argument and consideration of the affidavits and other papers submitted by the parties, the trial court ordered that:
1. The alimony to be paid by defendant to plaintiff is increased, effective from and after December 1, 1979, from $580 a month, by $410 a month, making a total of $990 a month to be paid on the first day of each and every month.
2. The additional sum due plaintiff by defendant, as alimony, for the period from December 1, 1979 to and including October 1, 1980, a period of 11 months, on account of the increased sum of $410 a month, amounts to $4,510 and shall be paid by defendant to plaintiff as follows: $1,503.33 on or before November 15, 1980; $1,503.33 on or before January 15, 1981; and $1,503.34 on or before February 15, 1981.
3. Plaintiff is indebted to defendant in the sum of $2,597.40 representing one-half of all sums collected by plaintiff on account of Social Security benefits in excess of $2,000 per annum, for the period commencing the month of February, 1973 to and including the month of January, 1980; said sum of $2,597.40 shall be paid by plaintiff to defendant on or before March 15, 1981.
4. Plaintiff's application for a counsel fee for John E. Finnerty, Esq., her attorney, is disposed of as follows:
Plaintiff's attorney is awarded a counsel fee (exclusive of expenses) of $2,500.00, payable one-half on or before January 2, 1981 and the balance on or before February 1, 1981.
On June 12, 1981 defendant moved for an order to compel plaintiff to comply with the provisions of paragraph 3 of the aforesaid order of December 8, 1980 and paragraph 2 of the *435 agreement of February 1, 1973, dealing with the division of Social Security benefit payments received by plaintiff. Plaintiff immediately filed a cross-motion (1) to compel defendant to designate her as the beneficiary of $140,000 of insurance on his life or, alternatively, to create a trust fund to continue alimony payments uninterrupted in the event defendant predeceased her; (2) to be relieved from the Social Security benefits provisions of the February 1973 agreement and the December 1980 order and (3) for counsel fees. The trial judge, again on the basis of the papers submitted by the parties, held that the Social Security provisions of the agreement and prior order should be enforced, and directed defendant to designate plaintiff as the beneficiary of $100,000 of face value life insurance or, alternatively, to create a $100,000 trust fund in lieu thereof which is to pay her alimony in the event of his death. These rulings were incorporated in orders dated June 30, 1981 and July 24, 1981. In compliance with this order, defendant has obtained $100,000 worth of declining term life insurance, which designates plaintiff as beneficiary.
Defendant now appeals from those portions of the order of December 8, 1980 which (1) increased the amount of alimony he was to pay plaintiff from $580 to $990 a month and (2) awarded plaintiff counsel fees of $2,500. Defendant also appeals from that portion of the order of July 24, 1981 which directed him to designate plaintiff as the beneficiary of $100,000 of life insurance or, alternatively, create a $100,000 trust fund to pay her alimony in the event of his death. Plaintiff appeals and cross-appeals from (1) those portions of the order dated July 24, 1981 which denied her cross-motion to be relieved from the social security benefits provisions of the February 1973 agreement and the December 1980 order and which denied her application for counsel fees on this and defendant's motion for a rehearing, and (2) the order of June 30, 1981 which granted defendant's application to enforce the social security benefits provisions. We consolidated these appeals.

*436 I

Defendant Husband's Appeal

A.

Increase of Alimony
[The court here affirmed the increase in alimony on the basis of Lepis v. Lepis, 83 N.J. 139 (1980).]

B

Security For Payment Of Alimony
Defendant also challenges the court-ordered requirement that he designate plaintiff as the beneficiary of $100,000 of life insurance or, alternatively, create a $100,000 trust fund to pay her alimony in the event that he predeceases her. Defendant claims that this order violated the long-standing principle that alimony terminates upon the death of the husband, citing Modell v. Modell, 23 N.J. Super. 60 (App.Div. 1952). Plaintiff, on the other hand, argues that this principle is no longer viable and that, in any event, the trial court had the power under N.J.S.A. 2A:34-23 to compel a husband to provide reasonable security in the form of life insurance for the payment of alimony in the event that he predeceases his former spouse.
It is fundamental that alimony is an allowance for support and maintenance which a husband is required to supply to his wife when she is living separate and apart or has been divorced from him. Fischer v. Fischer, 13 N.J. 162, 167 (1953); Lynde v. Lynde, 64 N.J. Eq. 736, 751 (E. & A. 1902). See also 24 Am.Jur.2d, Divorce and Separation, § 514 at 640. It is a substitute for marital support which is the natural and legal duty owed by a husband to his wife. The obligation of the husband to pay alimony or provide support and maintenance is a personal one, which has generally been considered to terminate upon the death of either the husband or wife. See 24 Am.Jur.2d, Divorce and Separation, § 642 at 761-764; Annotation, "Death of Husband *437 as Affecting Alimony," 39 A.L.R.2d 1406 (1955). Thus, in the Modell case this court held that the trial court erred in ordering the husband to make his wife the beneficiary of one-half of the face value of insurance on his life and to pay all premiums due on those policies. We struck that provision on the ground that it in effect compelled the husband to create a fund for the support and maintenance of the wife after his death, if she survived, and that it violated the principle that "[t]he death of either the husband or the wife terminates the husband's obligation to support his wife." 23 N.J. Super. at 62. This concept has been recognized in Flicker v. Chenitz, 55 N.J. Super. 273, 284 (App.Div. 1959), certif. granted 30 N.J. 152 (1959), app. dism. by consent 30 N.J. 566 (1959); Macfadden v. Macfadden, 46 N.J. Super. 242, 247 (Ch.Div. 1957), aff'd 49 N.J. Super. 356 (App.Div. 1958), certif. den. 27 N.J. 155 (1958); Raymond v. Raymond, 39 N.J. Super. 24, 30 (Ch.Div. 1956). See, also, 10 N.J.Practice (Marriage, Divorce and Separation) (4 ed. 1978), § 341 at 250.
While the holding in Modell has not been overruled, its viability has been undercut by later Supreme Court decisions which recognize that the court may allow sufficient alimony to enable a wife "to accumulate reasonable savings to protect herself against the day when alimony payments may cease because of her husband's death or change in circumstances," Khalaf v. Khalaf, 58 N.J. 63, 70 (1971); see Capodanno v. Capodanno, 58 N.J. 113, 120 (1971); Martindell v. Martindell, 21 N.J. 341 at 353-354, and which have upheld a provision in a judgment of divorce directing a husband to keep in force and pay the premiums on all policies of insurance presently in existence on his life and to irrevocably designate his children as the beneficiaries under those policies. Grotsky v. Grotsky, 58 N.J. 354 (1971). In Grotsky the Supreme Court observed that the rationale of Modell may need re-examination, but concluded that:
... For present purposes it is sufficient to hold, as we now do, that the comprehensive terms of N.J.S.A. 2A:34-23 are not to be narrowed but are to be *438 applied liberally to the end that, where the circumstances equitably call for such action, the court may enter a support order for minor children to survive their father's death and may direct the father to maintain his insurance, naming the minor children as beneficiaries, for the purpose of securing due fulfillment of the support order during their minority. The record before us indicates that Martin is presumably no longer insurable having had at least two heart seizures, and it amply supports the Chancery Division's determination that a provision for maintenance of his insurance was equitably called for by the circumstances.
Since the appellant's only attack before us was on the court's power to prescribe any insurance provision whatever for the benefit of the minor children, it will now be rejected without prejudice, however, to any later application in the Chancery Division for modification resting on any child's attainment of majority and capability of self-support, on financial inability or lessened need to maintain and continue the policies in their entirety, or on any other just cause evidenced by the then prevailing circumstances. N.J.S.A. 2A:34-23. [at 361-362]
Following Grotsky, the Supreme Court in Meerwarth v. Meerwarth, 71 N.J. 541 (1976), affirmed a trial court's refusal to order a husband to cooperate with his divorced wife in obtaining an insurance policy on his life, at her expense, by completing an insurance application and submitting to a physical examination. There the wife's need for that kind of financial protection was found not to be compelling in the light of the substantial equitable distribution she received and the alimony awarded. Nevertheless, the court expressed the view that
... a trial court, in appropriate circumstances and for good cause shown, could order a divorced husband to cooperate in obtaining insurance on his life for the financial protection of his former wife, and his children, if there by any. Cf. Grotsky v. Grotsky, 58 N.J. 354 (1971). This authority stems from the statutory provision, N.J.S.A. 2A:34-23, empowering a judge in a matrimonial action either before or after judgment to
"... make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders...."
However, each case must stand on it's own facts and deference must be given to the trial court's ability to weigh the equities and take appropriate action. [at 544].
See, also, Annotation, "Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child," 59 A.L.R.3d 9, §§ 4 & 5 (1974).
*439 We are satisfied that in the particular circumstances of this case the rule discussed in Modell should not be applied to bar the court from providing some measure of security to plaintiff for the payment of alimony in the event of defendant's death. Plaintiff has established changed circumstances sufficient to warrant modification of the 1973 support agreement and to require the kind of financial protection ordered by the court. The circumstances presented here are unique. Plaintiff is now legally blind, suffering from progressive degenerative retinitis pigmentosa. She also has advanced arteriosclerosis. She did not receive a distributive share of the marital assets in the original divorce, is no longer able to work and is totally dependent upon the alimony she receives from defendant, combined with a small amount of investment income of her own, to sustain herself. Defendant, on the other hand, has substantial assets and income and can easily provide the measure of security necessary to assure payment of the court-ordered alimony in the event that he predeceases plaintiff. In these circumstances, equity cries out for some relief. The requirement that defendant obtain life insurance on his life or create a trust fund to guarantee future alimony payments is appropriate and plainly within the broad authority conferred upon a judge in a matrimonial action by the provisions of N.J.S.A. 2A:34-23 to make such order as to alimony and maintenance of the wife, either before or after judgment, as the circumstances of the parties and nature of the case shall render fit, reasonable and just, and to require reasonable security for the due observation of such order. The application of this power by the Supreme Court in decisions handed down since Modell is further support for the propriety of the order entered here.
While we are in agreement with the concept that defendant provide security for the payment of alimony in the form of either life insurance or a trust fund, we hold to the view that the trial judge should have imposed appropriate conditions, limitations or restrictions on any life insurance policy obtained or trust fund created. Here, since defendant has elected to *440 obtain life insurance rather than create a trust fund, the trial court need consider only what conditions, limitations or restrictions should be imposed on the life insurance policy obtained. In this regard, the conditions and limitations imposed by the court in Stith v. Stith, 384 So.2d 317 (Fla. Dist. Ct. App. 1980), when it ordered a husband to obtain life insurance to protect his wife's alimony award in the event of his death, might, with some modification, be appropriate here. There, the court ordered the imposition of the following conditions:
1. The wife may not assign the policies to anyone and shall have no right to borrow against the policies or to surrender them for their cash surrender value.
2. Should the wife die or remarry prior to the husband's death, ownership of the policies shall revert to the husband or his designee.
3. The parties shall cause the wife to be irrevocably designated beneficiary of the policies contingent upon her also being the owner of the policies at the husband's death; that is, if at the husband's death, the wife is living and has not remarried. Otherwise, the proceeds are to be payable to a beneficiary selected by the husband or, if none, to his estate.
4. The husband shall pay all premiums due on the policies and all interest due on the existing loans against the policies until the death or remarriage of the wife, or until his death, whichever shall first occur.
5. The parties shall cause a copy of the conditions of the award to be sent to each of the life insurance companies which issued the policies and shall file in the trial court an acknowledgment of receipt from each company. [Id. at 321].
Accordingly, the order of July 24, 1981 which directed that defendant designate plaintiff as the beneficiary of a $100,000 policy of life insurance or, alternatively, create a $100,000 trust fund to pay her alimony in the event of his death is affirmed. However, the matter is remanded to the trial court for the imposition of appropriate limitations or conditions. We do not retain jurisdiction in this matter.

C.

Award of Counsel Fees
Defendant also contends that the trial court erred in awarding plaintiff's counsel fees of $2,500, exclusive of expenses. *441 We disagree. We are satisfied that the trial court did not mistakenly exercise its discretion in awarding such fees. The fees awarded were neither excessive nor did plaintiff's attorney fail to comply with the requirements of R. 4:42-9(b). Thus, the order awarding counsel fees to plaintiff is affirmed.

II.

The Wife's Appeal
We are entirely satisfied from our consideration of the record in the light of the arguments presented that the trial court did not mistakenly exercise its discretion in denying plaintiff's application to be relieved from the provisions of the February 1, 1973 agreement and the order of December 8, 1980 dealing with the division of social security benefits payments. We therefore affirm the portion of the orders of June 30, 1981 and July 24, 1981 upholding and enforcing the aforesaid provision substantially for the reasons expressed by Judge Glickman in his oral opinion of June 19, 1981.
We are also satisfied, contrary to plaintiff's claim, that the trial court did not mistakenly exercise its discretion in denying her application for counsel fees in connection with (1) her cross-motion to be relieved from the social security benefits provisions of the February 1973 agreement and December 1980 order, and (2) defendant's motion for a rehearing. The denial of such fees is therefore affirmed.

III.

Summary
Accordingly, the portions of the order of December 8, 1980, which increased the amount of alimony defendant is to pay plaintiff from $580 to $990 a month, and the award to plaintiff of counsel fees of $2,500 are affirmed. The portion of the order of July 24, 1981, which directed defendant to designate plaintiff as beneficiary of a $100,000 policy of life insurance or, alternatively, *442 create a $100,000 trust fund to pay her alimony in the event of his death, is affirmed. However, the matter is remanded to the trial court for the imposition of appropriate conditions and limitations upon the said policy. We do not retain jurisdiction over this matter. The portions of the order of July 24, 1981 which denied plaintiff's cross-motion to be relieved from the Social Security benefits provisions of the February 1973 agreement and the December 1980 order and which denied her application for counsel fees, and the order of June 30, 1981 which granted defendant's application to enforce the said social security benefits provision mentioned above are affirmed.