**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2658-23

CRISTINA KNOETTNER,

    Plaintiff-Respondent,

v.

RYAN KNOETTNER,

    Defendant-Appellant.

_____

Submitted September 9, 2025 – Decided September 16, 2025

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FM-01-0356-23.

Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, on the brief).

Hankin Palladino Weintrob Bell & Labov, PC, attorneys for respondent (Amy R. Weintrob, on the brief).

PER CURIAM

Defendant Ryan Knoettner appeals from an April 1, 2024 final judgment of divorce.  We affirm.

I.

The parties participated in a two-day trial in February 2024.  Plaintiff, represented by counsel, testified on her own behalf.  Defendant represented himself and did not testify, call witnesses, or present a case-in-chief.  At the conclusion of testimony, defendant's counterclaim was dismissed.

The parties were married in May 2013 and have three children:  G.K. (age six) and twins M.K. and A.K. (age two).  They purchased a home in Absecon and lived there until separation, after which defendant resided in the home alone.  Plaintiff moved with the children to her parents' two-bedroom condominium, where she slept on the couch, the children shared a bedroom, and her parents occupied the other room.

Plaintiff holds a master's degree in social work and has worked full-time for seven years.  She testified about her earnings, presenting Social Security records and her 2023 year-end income.  Plaintiff explained her gross income was $46,000, but after mandatory retirement contributions, taxes, and health insurance premiums, her net income for 2023 was a little over $33,000.  She

A-2658-23

also provided evidence of her 2024 income from current paystubs. Plaintiff described the marital standard of living from her Case Information Statement.

Defendant has a bachelor's degree. After the birth of the twins, defendant was fired and remained unemployed for eight months. After the parties separated, defendant became employed at the Children's Hospital of Pennsylvania, earning a gross income of $75,000. Defendant did not dispute plaintiff's income and offered no Case Information Statement.

Plaintiff testified that the parties' relationship deteriorated over the course of several months. In December 2022, plaintiff obtained a temporary restraining order ("TRO") and a week later, filed for divorce. In January 2023, both parties entered a consent order for civil restraints, dismissing the TRO. Defendant was required to install Soberlink, an alcohol monitoring device, and limit communications with plaintiff to child-related matters using "app close."

After several months, plaintiff filed an enforcement application, as defendant had failed to install Soberlink. In August 2023, the court reduced defendant's parenting time to one day per month and required defendant to immediately install Soberlink. Defendant was also ordered to obtain an alcohol evaluation and attend parenting and anger management courses.

A-2658-23

At trial, plaintiff admitted recordings of defendant verbally abusing her in front of the children. Plaintiff also testified at length about defendant's alcohol abuse.

Judge Benjamin Podolnick issued a comprehensive thirty-nine-page written opinion. He found plaintiff credible, awarded her sole custody of the three children,[1] and ordered the sale of the marital home as well as equitable distribution of any proceeds, child support at $245 per week and alimony at $150 per week for five years. Defendant was required to maintain a $500,000 life insurance policy; plaintiff, $200,000.

This appeal followed.

II.

Our review of a family court order is limited. See Cesare v. Cesare, 154 N.J. 394, 411 (1998). Generally, the family court's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 412 (citing Rova Farms Resort, Inc. v. Inv's, Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Because we recognize "the special expertise of judges hearing matters

---

[1] The family court acknowledged defendant would be granted additional parenting time if he underwent an alcohol evaluation, attended anger management and parenting classes, downloaded Soberlink, and successfully utilized it for a period of one year.

A-2658-23

in the [family court]," <u>Parish v. Parish</u>, 412 N.J. Super. 39, 48 (App. Div. 2010) (citing <u>Cesare</u>, 154 N.J. at 412), we will only disturb the family court's factual findings if "'they are so wholly insupportable as to result in a denial of justice' and should be upheld whenever they are 'supported by adequate, substantial, and credible evidence.'" <u>In re Guardianship of J.T.</u>, 269 N.J. Super. 172, 188 (App. Div. 1993) (quoting <u>Rova Farms</u>, 65 N.J. at 483-84).

We apply our deferential standard to family court judges' determinations regarding alimony. We will uphold an alimony award on appeal unless the judge failed to apply the correct legal standards or abused their discretion by making findings that are not supported by sufficient credible evidence in the record. <u>J.E.V. v. K.V.</u>, 426 N.J. Super. 475, 485 (App. Div. 2012) (citing <u>Heinl v. Heinl</u>, 287 N.J. Super. 337, 345 (App. Div. 1996)). The same standard applies to family court judges' child support determinations. <u>Gotlib v. Gotlib</u>, 399 N.J. Super. 295, 309 (App. Div. 2008).

"Discretionary determinations, supported by the record, are examined to discern whether an abuse of reasoned discretion has occurred." <u>Ricci v. Ricci</u>, 448 N.J. Super. 546, 564 (App. Div. 2017). An abuse of discretion occurs when a trial court's decision "rested on an impermissible basis, considered irrelevant or inappropriate factors, failed to consider controlling legal principles or made

findings inconsistent with or unsupported by competent evidence." Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015) (internal quotation marks and citations omitted). Moreover, a trial judge abuses his or her discretion "'when a decision is made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

In contrast, the family court's legal conclusions are reviewed de novo. See N.J. Div. of Youth & Fam. Servs. v. I.S., 202 N.J. 145, 183 (2010).

III.

On appeal, defendant challenges four aspects of the court's order: (1) the parties' respective earnings; (2) parenting time; (3) the sale of the marital home; and (4) the parties differing life insurance amounts.

First, defendant argues the court was mistaken in determining the parties' respective earnings for calculations concerning alimony and child support. Specifically, defendant contends the court erred by determining that plaintiff's annual income was $33,000. This argument is unpersuasive.

The uncontested testimony of plaintiff, which the court found to be credible, was that she annually made $46,000 in gross pay and $33,000 in net

6

pay. The child support guidelines incorporated into the final judgment of divorce also reflect that the court used $46,000 as gross income. The court explained its calculations regarding both alimony and child support and applied the fourteen factors outlined in N.J.S.A. 2A:34-23. Therefore, neither determination regarding alimony nor child support represents an abuse of discretion.

Second, defendant posits the court erred in limiting defendant's parenting time, arguing that he is effectively unable to maintain a relationship with his children. We disagree.

"In custody cases, it is well settled that the court's primary consideration is the best interests of the children." Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). N.J.S.A. 9:2-4 governs custody determinations and provides:

> In making an award of custody, the court shall consider but not be limited to the following factors: [(1)] the parents' ability to agree, communicate and cooperate in matters relating to the child; [(2)] the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; [(3)] the interaction and relationship of the child with its parents and siblings; [(4)] the history of domestic violence, if any; [(5)] the safety of the child and the safety of either parent from physical abuse by the other parent; [(6)] the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; [(7)] the needs of the child; [(8)] the stability of the home

environment offered; [(9)] the quality and continuity of the child's education; [(10)] the fitness of the parents; [(11)] the geographical proximity of the parents' homes; [(12)] the extent and quality of the time spent with the child prior to or subsequent to the separation; [(13)] the parents' employment responsibilities; and [(14)] the age and number of the children.

[N.J.S.A. 9:2-4.]

Defendant's claim that the judge erred in applying factor one is without merit. Although the parties do not need to be cordial to have shared custody, the court concluded the parties were unable to get along based on defendant's use of plaintiff's financial hardships for his gain, defendant's refusal to install Soberlink, and his refusal to abide by the consented-to civil restraints. This is supported by the record.

Defendant also maintains the judge erred by failing to take into consideration factor (5)—the wishes of G.K.—by not allowing him to be interviewed. This argument is unavailing. The language of the statute is clear: "the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision" makes the decision to interview the child optional. N.J.S.A. 9:2-4; see D.A. v. R.C., 438 N.J. Super. 431, 454-60 (App. Div. 2014). Here, the child was only six-years old and the court was well within its discretion to forgo an interview.

Third, defendant challenges the judge's order mandating the sale of the marital home, while plaintiff asserts this issue is moot as the home has already been sold. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket, LLC v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp.,415 N.J. Super. 301, 311 (App. Div. 2010)). "[C]ourts normally will not entertain cases when a controversy no longer exists and the disputed issues have become moot." Int'l Bhd. of Elec. Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 224 (App. Div. 2021) (quoting De Vesa v. Dorsey, 134 N.J. 420, 428 (1993)). "An issue is 'moot when [the] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011)). As the house has been sold, we decline to address this issue as it is moot.

Fourth, defendant argues that the judge erred in requiring him to obtain a more expensive life insurance policy than plaintiff. Under New Jersey law, a judge may require a party to obtain life insurance particularly to secure a party's child support and alimony obligations. Davis v. Davis, 184 N.J. Super. 430, 439

(App. Div. 1982). Doing so is "appropriate and plainly within the broad authority conferred upon a judge in a matrimonial action by the provisions of N.J.S.A. 2A:34-23." Ibid. The trial court's determination of life insurance amounts was well within its discretion and was supported by credible evidence in the record.

To the extent we have not specifically addressed any other contentions raised by plaintiff, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2658-23